UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

**CAPITOL INVESTMENTS USA, INC.
and NEVIN KAREY SHAPIRO,**

      Alleged Debtors.      /

CASE NO.: 09-36408-BKC-LMI
CASE NO.: 09-36418-BKC-LMI

Chapter 7

**(Jointly Administered under
Case No.: 09-36408-BKC-LMI)**

***SUBPOENA DUCES TECUM*[1]**

To:   Lewis Tein, P.L.
       c/o Corporate Creations Network, Inc., as Registered Agent
       11380 Prosperity Farms Rd #221E
       Palm Beach Gardens, FL 33410

[ ]  YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2004, and Local Rule 2004-1, at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

[ X ]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED SCHEDULE "A."** *Please mail or deliver legible copies of the items to be produced to Gary M. Freedman, Esquire on or before February 19, 2010 at 12:00 p.m.*

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in adversary proceedings by Bankruptcy Rule 7030.

| PLACE | DATE AND TIME |
|---|---|
| Tabas, Freedman, Soloff, Miller & Brown, P.A.<br>14 N.E. First Avenue, PH<br>Miami, Florida 33132   (305) 375-8171 | **February 19, 2010<br>@ 12:00 p.m.** |
| ISSUING OFFICER SIGNATURE<br>*[signature]* | TITLE<br>**Attorney for Trustee** |
| ISSUING OFFICER'S NAME (PRINT)<br>**Gary M. Freedman, Esquire** | PHONE<br>**(305) 375-8171** |
| ADDRESS   Tabas, Freedman, Soloff, Miller & Brown, P.A.<br>14 N.E. First Avenue, PH<br>Miami, Florida 33132   (305) 375-8171 | DATE<br>**February 8, 2010** |

---

[1] Although this Subpoena requires the production of documents, the Trustee reserves the right to set the Rule 2004 examination of Lewis Tein, P.L. ("Lewis Tein") and/or Lewis Tein's representative(s) for the taking of testimony and will provide notice of the date and time of the same. Accordingly, this Subpoena shall remain in full force and effect.

CASE NO:. 09-36408-BKC-LMI
CASE NO.: 09-36418-BKC-LMI

## PROOF OF SERVICE

| SERVED<br>February 8, 2010 | DATE PLACE<br>11380 Prosperity Farms Rd #221E<br>Palm Beach Gardens, FL 33410 |
|---|---|
| SERVED ON (PRINT NAME)<br>Corporate Creations Network, Inc, as Registered Agent | MANNER OF SERVICE<br>U.S. Mail and Certified Mail Return Receipt |
| SERVED BY (PRINT NAME)<br>Beth Velapoldi | TITLE<br>Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___February 8, 2010___
DATE

_____
SIGNATURE OF SERVER

14 N.E. First Avenue, PH

Miami, Florida 33132

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

CASE NO.: 09-36408-BKC-LMI<br>
CASE NO.: 09-36418-BKC-LMI

## SCHEDULE "A"

**DEFINITIONS:**

For purposes of responding to duces tecum request for deposition, the following definitions shall apply.

1.  "You" or "Yours" means Lewis Tein, P.L., and its partners, employees, agents, attorneys, accountants, representatives, affiliates, predecessors, successors and/or assigns.

2.  "Debtors" mean (1) Capitol Investments USA, Inc. and its officers, directors, employees, agents, attorneys, accountants, representatives, affiliates, predecessors, successors and/or assigns; and (2) Nevin Karey Shapiro and his agents, attorneys, accountants and representatives.

3.  "Petition Date" means November 30, 2009.

4.  "Petition" means the involuntary bankruptcy petitions filed on November 30, 2009, which commenced these cases.

5.  "Document" or "documents" as used herein shall man the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site,

including "deleted" files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by the Debtors and their backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROMS's) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to E-mails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer aided design) files, including drafts and revision; all presentation data or slide shows produced by presentation software (such as Microsoft Power Point); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Personal Data Assistants (PDA's), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

6.      "And" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

7.      "Any" means one or more.

8.      "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

9.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

10.     "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

11.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

12.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

13.     "Year" means calendar year.

14.     Unless otherwise provided, the applicable scope of time is from January 1, 2005 to the present.

CASE NO.: 09-36408-BKC-LMI
CASE NO.: 09-36418-BKC-LMI

**PLEASE PROVIDE COPIES OF:**

1. All documents You received from the Debtors.

2. Any and all documents evidencing, relating to, or referring to the business relationship between You and the Debtors, including but not limited to any agreements and/or contracts, from November 30, 2005 through the date that You respond to this Subpoena.

3. Any and all documents in your care, custody or control, evidencing, relating to, or referring to the assets, liabilities and/or financial affairs of the Debtors, from November 30, 2005 through the date that You respond to this Subpoena.

4. Any and all documents in your care, custody or control evidencing, relating to, or referring to the Debtors' financial condition, including but not limited to, any financial statements and data provided to You by or on behalf of the Debtors from November 30, 2005 through the date that You respond to this Subpoena.

5. Any and all Federal, State or local tax returns (the "Returns") of the Debtors in Your possession for the period of January 1, 2005 through the date that You respond to this Subpoena.

6. Any and all documents in your care, custody or control evidencing, relating to, or referring to any litigation involving the Debtors, from November 30, 2005 through the date that You respond to this Subpoena.

7. Any and all invoices and statements submitted by You to the Debtors for services rendered, from November 30, 2005 through the date that You respond to this Subpoena.

8. Any and all documents evidencing receipt of payment for any and all services You provided to the Debtors or on the Debtors' behalf.

9. All documents showing, reflecting or relating to any and all disbursements, loans, compensation, consideration, payments or other benefit You received from or on behalf of the Debtors.

10. All documents showing, reflecting or relating to any and all loans made by, or owed to, the Debtors.

11. All documents showing, reflecting or relating to any and all interest, principal, dividends or distributions You received from or on behalf of the Debtors.

12. All documents showing, reflecting or relating to any and all commissions paid to You from or on behalf of the Debtors.

13. Any and all correspondence or communications of any kind between You and the Debtors, from November 30, 2005 through the date that You respond to this Subpoena.

4

CASE NO.: 09-36408-BKC-LMI
CASE NO.: 09-36418-BKC-LMI

      14. Any and all correspondence or communications of any kind between You and any third-parties relating to the Debtors, from November 30, 2005 through the date that You respond to this Subpoena.

      15. All documents evidencing, relating to, or referring to any and all internal and external correspondence and communications relating to the Debtors' operations and/or business affairs.

      16. All documents reflecting or relating to the business affairs or operations of the Debtors between November 30, 2005 and the present.

      17. All documents evidencing, showing and/or reflecting whether or not the Debtors were paying their debts as they became due during the period from November 30, 2005 through the Petition Date.

      18. All documents evidencing, showing and/or reflecting the January 28, 2010 Debtors' solvency or insolvency during the period from November 30, 2005 through the Petition Date.

      19. All documents evidencing, showing, and/or reflecting whether or not the Debtors were sufficiently capitalized during the period of November 30, 2005 through the Petition Date.

      20. All documents reflecting or relating to valuations of the Debtors' businesses or their assets from November 30, 2005 through the Petition Date.

      21. All business plans, forecasts and projections reflecting or relating to the Debtors from November 30, 2005 through the Petition Date.

      22. All documents reflecting or relating to Debtors' general ledgers, accounts receivables and accounts payable from November 30, 2005 through the Petition Date.

      23. All documents reflecting or relating to the Debtors' interim and year-end financial statements from November 30, 2005 through the Petition Date.

      24. All handwritten, typed or recorded notes taken by You regarding the Debtors, from November 30, 2005 through the Petition Date.

      25. All documents evidencing, reflecting or showing the efforts of the Debtors to obtain financing or refinancing, during the period of November 30, 2005 through the Petition Date.

      26. All documents evidencing, reflecting or showing the efforts of the Debtors to obtain investors, during the period of November 30, 2005 through the Petition Date.

      27. All documents reflecting or relating to any investors in the Debtors, during the period of November 30, 2005 through the Petition Date.

CASE NO.: 09-36408-BKC-LMI<br>CASE NO.: 09-36418-BKC-LMI

28. All documents evidencing, reflecting or showing any payments made to any investors of the Debtors, during the period of November 30, 2005 through the Petition Date.

29. All documents in your care, custody or control in any way relating to or referring to the Debtors, from November 30, 2005 through the date that You respond to this Subpoena.

30. All trust account records relating to the Debtors, including but not limited to any bank statements or trust ledgers.

31. To the extent not requested above, Your entire file with respect to the Debtors, from November 30, 2005 through the date that You respond to this Subpoena.

**The Trustee reserves the right to request additional documents as his investigation continues, as additional issues are uncovered, and as clarifications are required.**