1              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
2
3
4
   IN RE:                       CASE NO. 09-36408-BKC-LMI
5
   CAPITAL INVESTMENTS USA,
6  INC.,
7          Debtor.
   _____/
8
9           ***EXCERPT FROM PROCEEDINGS***
10                 JUDGE'S RULING
11
   ASSERTION OF THE DEBTOR'S FIFTH AMENDMENT PRIVILEGE
12                  (62), (63), (64)
13
                    February 1, 2010
14
15         The above-entitled cause came on for
16 hearing before the HONORABLE LAUREL MYERSON ISICOFF,
17 one of the Judges in the UNITED STATES BANKRUPTCY
18 COURT, in and for the SOUTHERN DISTRICT OF FLORIDA,
19 at 51 SW 1st Avenue, Miami, Dade County, Florida
20 on Monday, February 1, 2010, commencing at or about
21 10:00 a.m., and the following proceedings were had:
22
23                  Reported By: Margaret Franzen
24
25

Page 2

1                    APPEARANCES:
2
3      TABAS FREEDMAN SOLOFF MILLER & BROWN, by
              GARY M. FREEDMAN, ESQUIRE
4          ANDREA L. RIGALI, ATTORNEY-AT-LAW
               on behalf of the Trustee
5
6
           STEARNS WEAVER MILLER WEISSLER
7              ALHADEFF & SITTERSON, by
            KRISTOPHER E. PEARSON, ESQUIRE
8       on behalf of Cybur Investments, LLC
9
10         KOZYAK TROPIN & THROKMORTON, by
             DAVID L. ROSENDORF, ESQUIRE
11     on behalf of the Petitioning Creditors
12
13            PETER F. VALORI, ESQUIRE
              on behalf of Nevin Shapiro
14
15                  - - - - - - -
16
17
18
19
20
21
22
23
24
25

```
 1               *** EXCERPT FROM PROCEEDINGS ***
 2               THE COURT:  I agree with Mr. Freedman that
 3   you do, as I think we've already discussed, have to
 4   do a better job, and so two things are going to have
 5   to happen, one is you all are going to have to get an
 6   evidentiary hearing date from Ms. Sanabria and I
 7   would suggest that you ask for at least a half a day,
 8   okay, that's number one.
 9               Number two, that no later than seven business
10   days prior to that hearing you produce the privilege
11   log.  To the extent that you believe that the
12   privilege log in and of itself would waive whatever
13   protections you have, then produce it under seal
14   in camera and I will look at it, but that will have to
15   be produced with the documents.
16               MR. VALORI:  Understood, your Honor.
17               THE COURT:  All right.  And then you all
18   will go forward on the work product issue and the
19   attorney/client privilege with respect to Mr. Koslow
20   because he's the only attorney involved; correct?
21               MR. VALORI:  Yes, your Honor.
22               THE COURT:  Okay.
23               MR. VALORI:  Other than the attorneys that
24   hired experts, yes.
25               THE COURT:  Well, that would be work ---
```

1        MR. VALORI:  This is the only
2   attorney/client work product privilege, attorney ---
3        THE COURT:  Everything else is going to
4   have to be work product because neither Gerson, nor
5   Franklin, are attorneys.
6        MR. VALORI:  Correct.
7        THE COURT:  So that's only going to be work
8   product.  All right.  So I'm going to continue all
9   matters on 62, 63 and 64.  All of you be prepared to
10  go forward.  If constructive possession is your only
11  Fifth Amendment issue outside of the work product or
12  attorney/client, which I'm presuming it's not, then
13  you're done with Fifth Amendment.
14       If it is tied to the work product or
15  attorney/client, then perhaps we don't get to the
16  Fifth Amendment issue at all.
17       MR. VALORI:  Understood, your Honor.
18       THE COURT:  So any questions?  Yes,
19  Mr. Freedman.
20       MR. FREEDMAN:  The only question, your
21  Honor, is if Mr. Valori does decide to proceed on the
22  constructive possession theory --
23       THE COURT:  Uh-huh.
24       MR. FREEDMAN:  -- perhaps he could identify
25  that some time in advance, let me know which

Page 5

1  witnesses or what witnesses he may call so I have an
2  opportunity to depose them prior to --
3              THE COURT:  Okay.
4              MR. FREEDMAN:  -- the evidentiary hearing.
5              THE COURT:  I'm going to ask you both when
6  you go to Ms. Sanabria and ask for at least your half
7  day hearing, to set it on the long form order, which
8  looks an awful lot like the pretrial order that's
9  issued in adversary proceedings.  If the two of you
10 by agreement want to modify some of those exchange of
11 information, that's fine.  This is more to facility
12 the exchange of information.
13 * * * * * * * * * * * * * * * * * * * * * * * *

```
 1
 2                    CERTIFICATION
 3
 4   STATE OF FLORIDA:
 5   COUNTY OF DADE:
 6
 7            I, Margaret Franzen, Shorthand Reporter
 8   and Notary Public in and for the State of Florida
 9   at Large, do hereby certify that the foregoing
10   proceedings were taken before me at the date and
11   place as stated in the caption hereto on Page 1;
12   that the foregoing computer-aided transcription is
13   a true record of the excerpt requested of my
14   stenographic notes taken at said proceedings.
15                WITNESS my hand this 4th day of
16   February, 2010.
17
18
19            _____
              Margaret Franzen
20         Court Reporter and Notary Public
          in and for the State of Florida at Large
21        My Commission Expires: April 14, 2010
22
23
24
25
```