**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:

CAPITOL INVESTMENTS USA, INC.
and NEVIN KAREY SHAPIRO,

Respondents.
_______________________________________/

CASE NO.: 09-36408-BKC-LMI
CASE NO.: 09-36418-BKC-LMI
Chapter 7

(Jointly Administered under
Case No. 09-36408-BKC-LMI)

**RESPONSE TO SUBPOENA *DUCES TECUM***

Respondent, Miriam Menoscal, by and through undersigned counsel, responds to a subpoena [D.E. #73], and in support thereof states as follows:

Respondent has provided certain non-privileged, non-objectionable documents to the Trustee simultaneously herewith. As more fully set forth below, Respondent objects to and seeks a protective order from the Court for certain other requests.

**GENERAL OBJECTIONS**

Respondent reserves all applicable privileges, including but not limited to the attorney-client privilege and the work product doctrine. To the extent that the Trustee refuses to withdraw an objected-to request or an agreement cannot be reached as to the specific objections set forth herein, Respondent reserves the right to move for a protective order with respect to such documents.

**SPECIFIC RESPONSES**

1. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also

serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

2. Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

3. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

4. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

5. Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

6. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.



**JEFFREY W. BLACHER, P.A.**
2999 N.E. 191ST ST. · SUITE 805 · AVENTURA, FLORIDA 33180 · TEL. 305-705-0888 · FAX. 305-356-3693

7. Respondent objects to this request to the extent it seeks “all” information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Subject to and without waiving the foregoing objections, Respondent has produced simultaneously herewith documents in her possession which she understands to be responsive to this request.

8. Respondent objects to this request to the extent it seeks “all” information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request not already produced in response to other requests.

9. Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

10. Respondent objects to this request to the extent it seeks “all” information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request not already produced in response to other requests.

11. Respondent objects to this request to the extent it seeks “all” information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Subject to and without

waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request not already produced in response to other requests.

12. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent.

13. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

14. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and



JEFFREY W. BLACHER, P.A.
2999 N.E. 191ST ST. · SUITE 805 · AVENTURA, FLORIDA 33180 · TEL. 305-705-0888 · FAX. 305-356-3693

without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

15. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

16. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

17. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also



**JEFFREY W. BLACHER, P.A.**
2999 N.E. 191ST ST. · SUITE 805 · AVENTURA, FLORIDA 33180 · TEL. 305-705-0888 · FAX. 305-356-3693

serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

18. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

19. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

20. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to



**JEFFREY W. BLACHER, P.A.**
2999 N.E. 191ST ST. · SUITE 805 · AVENTURA, FLORIDA 33180 · TEL. 305-705-0888 · FAX. 305-356-3693

designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

21. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

22. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

23. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects


JEFFREY W. BLACHER, P.A.
2999 N.E. 191ST ST. · SUITE 805 · AVENTURA, FLORIDA 33180 · TEL. 305-705-0888 · FAX. 305-356-3693

to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

24. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Subject to and without waiving the foregoing objections, Respondent has produced simultaneously herewith documents in her possession which she understands to be responsive to this request.

25. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

26. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also



**JEFFREY W. BLACHER, P.A.**
2999 N.E. 191ST ST. · SUITE 805 · AVENTURA, FLORIDA 33180 · TEL. 305-705-0888 · FAX. 305-356-3693

serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

27. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

28. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent.

29. Respondent objects to this request to the extent it seeks "all" information and thereby invades the mental processes of the Respondent or her attorney, and production therefore would violate the work product doctrine or attorney client privilege. Respondent further objects to this request on the grounds that it is unduly vague, overbroad and ambiguous in failing to designate documents with some degree of specification or sufficient particularity, which also serves no purpose other than to unduly burden and harass the Respondent. Subject to and



**JEFFREY W. BLACHER, P.A.**
2999 N.E. 191ST ST. · SUITE 805 · AVENTURA, FLORIDA 33180 · TEL. 305-705-0888 · FAX. 305-356-3693

without waiving the foregoing objections, Respondent is not in possession, custody or control of any documents that she believes to be responsive to this request.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

JEFFREY W. BLACHER, P.A.

/s/

Jeffrey W. Blacher, Esq.
Fla. Bar No. 8168
2999 N.E. 191st St.
Suite 805
Aventura, FL 33180
Tel 305-705-0888
Fax 305-356-3693
jblacher@blacherlaw.com