UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                              CASE NO.: 09-36408-BKC-LMI
                                                                    CASE NO.: 09-36418-BKC-LMI
CAPITOL INVESTMENTS USA, INC.
and NEVIN KAREY SHAPIRO,                                            Chapter 7

                                                                    (Jointly Administered under
_____Debtors._____/                                               Case No.: 09-36408-BKC-LMI)

**TRUSTEE'S MOTION FOR ORDER TO SHOW CAUSE
WHY NEVIN KAREY SHAPIRO SHOULD NOT BE HELD IN
CONTEMPT FOR A DIRECT VIOLATION OF AN ORDER OF THIS
COURT OR ALTERNATIVELY MOTION TO COMPEL NEVIN KAREY
SHAPIRO TO PREPARE AND FILE HIS (A) BANKRUPTCY SCHEDULES,
(B) A STATEMENT OF FINANCIAL AFFAIRS AND (C) A LIST OF CREDITORS**

Trustee Joel L. Tabas, through undersigned counsel and pursuant to 11 U.S.C. §§ 105 and 521, Fed. R. Bankr. P. 1007 and 4002 and Local Rule 1013-1(C), hereby moves for an order to show cause why Nevin Karey Shapiro ("Shapiro") should not be held in contempt for failing to comply with a lawful order of this Court (the "Motion to Show Cause") or, alternatively moves to compel Shapiro to prepare and file bankruptcy schedules A, B, D, E, F, G, H, I and J, a Statement of Financial Affairs and a list of creditors (the "Motion to Compel"), and in support thereof states as follows:

### I. OVERVIEW

Since the order for relief has been entered in Shapiro's bankruptcy case, Shapiro has been derelict in his duties as a debtor; and his blanket assertions of the Fifth Amendment privilege in respect of every such duty does not dilute his contemptuous conduct.  Shapiro has made no showing of a reasonable fear of prosecution by any governmental body. Yet, under the guise of the Fifth Amendment, Shapiro has stalled, and made more costly, the Trustee's administration of his bankruptcy estate by (i) refusing to

CASE NO. 09-36408-BKC-LMI<br>CASE NO. 09-36418-BKC-LMI

turnover certain computer records, some which may belong to Capitol Investments USA, Inc.,[1] (ii) filing motions for protective order in relation to subpoenas the Trustee served on third-parties,[2] and (iii) refusing to file his bankruptcy schedules, statement of financial affairs and list of creditors.  But by failing to meet his burden with respect to his invocation of the Fifth Amendment, the Court cannot condone Shapiro's purposeful dereliction of his court mandated and statutory duties.

## II. PROCEDURAL BACKGROUND

1.     On November 30, 2009, an involuntary Chapter 7 bankruptcy petition was filed against Shapiro.

2.     On December 10, 2009, this Court entered its Order Granting Motion For Joint Administration into Lead Case 09-36408-BKC-LMI, jointly administering Shapiro's bankruptcy estate with Capitol Investments USA, Inc.

3.     On December 11, 2009, Joel L. Tabas was appointed as interim Chapter 7 Trustee.

4.     On December 30, 2009, this Court entered its Order for Relief in Involuntary Case and Setting Deadline for Filing Schedules, Statement of Financial Affairs and Other Documents [Case No. 09-36418, D.E. 24].

5.     Joel L. Tabas is the duly qualified and acting interim Trustee in this case.

---

[1] Shapiro's assertion of the Fifth Amendment privilege in relation to these records will be addressed in a separate Motion to Compel which will be filed in short order.

[2] An evidentiary hearing is being scheduled on same.

CASE NO. 09-36408-BKC-LMI
CASE NO. 09-36418-BKC-LMI

6.    On January 13, 2010, Shapiro filed a two page Notice of Invocation of 5th Amendment Right (the "Notice") [D.E. 54], asserting his Fifth Amendment privilege in relation to complying with paragraphs 1-4 of the Order for Relief.

7.    On January 14, 2010, the Trustee filed his *Ex Parte* Motion for (1) Extension of Time to File Schedules and Statements; and (2) Authority to File Schedules and Statements on Behalf of the Debtor, Nevin Karey Shapiro [D.E. 60], which was granted on January 15, 2010 [*See* D.E. 65], in order to prevent the automatic dismissal of Shapiro's bankruptcy case.

8.    To date, Shapiro has failed to file any of the schedules required by paragraphs 1-4 of the Order for Relief, section 521 and Bankruptcy Rules 1007 and 4002.

### III.  ARGUMENT AND AUTHORITIES

9.    Section 521 and Bankruptcy Rules 1007 and 4002 impose certain duties and requirements upon a debtor in bankruptcy, including the duty to file bankruptcy schedules and a statement of financial affairs.  Local Rule 1013-1(C) provides, in pertinent part, if a debtor fails to comply with "(1) the requirements of Bankruptcy Rule 1007 and Local Rules 1007-1 and 1007-2, and (2) the order for relief, the court <u>shall</u> issue an order to show cause against the debtor or other person designated by the court" (emphasis added).  The Debtor has not complied with his requirements, and his blanket invocation of his Fifth Amendment privilege provides no justifiable basis for his refusal to do so.

10.    It is the debtor's burden to present credible evidence why complying with his statutory duties poses a real and not imaginary threat of incrimination.  *In re Wincek*, 202

3

CASE NO. 09-36408-BKC-LMI
CASE NO. 09-36418-BKC-LMI

B.R. 161 (Bankr. M.D. Fla. 1996) ("debtor must present credible reasons why responding to the questions would pose a real threat of incrimination" (internal citations omitted)); *accord Podolin v. Lesher Warner Dry Goods Co.*, 210 F. 97, 103-104 (3d Cir. 1914) ("the bankrupt must produce facts on which he bases such claim, in order that the court may judge of their sufficiency to support it").  And it is the Court's responsibility to determine, based on that evidence, if the debtor's refusal to provide such information is justifiable or to compel debtor's compliance if it is clear that the debtor is mistaken in his assertion of his constitutional privilege.  *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

11.     It is well-established that a debtor does not meet his/her burden by asserting a blanket privilege of self-incrimination in relation to preparing and filing his/her bankruptcy schedules.  *Podolin*, 210 F. 97 (court ordered debtors to complete their schedules over Fifth Amendment privilege assertion even though indictment was pending);  *In re Arend*, 286 F. 516 (2d Cir. 1922) (in contempt proceeding for debtor's failure to file schedules required by order for relief, the court entered order requiring debtor to file the required schedules over blanket assertion by debtor that doing so would tend to incriminate him); *In re Connelly*, 59 B.R. 421 (Bankr. N.D. Ill. 1986) (debtor's blanket assertion of privilege in relation to filing his bankruptcy schedules was deficient because it lacked any specificity).

12.     The record here reflects a complete absence of evidence that Shapiro has reasonable cause to apprehend danger of self-incrimination by filing his bankruptcy schedules, statement of financial affairs or a list of creditors.  Shapiro has not even

Tabas, Freedman, Soloff Miller & Brown, P.A. • One Flagler Building, 14 Northeast First Avenue, Penthouse, Miami, Florida 33132 • (305) 375-8171

asserted that he is under indictment, under arrest or under investigation by any governmental body.

13.     And even if he had, it is difficult to imagine how Shapiro's response to such innocuous inquiries such as whether he is entitled to alimony, maintenance, support, etc. (Line 17 of Schedule "B"), or owns crops (Line 32 of Schedule "B"), farming equipment (Line 33 of Schedule "B") or farm supplies (Line 34 of Schedule "B"), could possibly tend to incriminate Shapiro.

14.     As a result of Shapiro's failure to make a good faith effort to comply with the Order for Relief or his statutory duties, he is stunting the Trustee's administration of his bankruptcy estate. *See In re Podolin*, 202 F. 1014, 1016 (E.D. Pa. 1913), *affirmed Podolin*, 210 F. 97, (there must be "an effort in good faith by the bankrupt to file a schedule that obeys the act up to the point where the court can see that further obedience would violate the constitutional protection").

15.     Permitting such a flagrant disregard of Shapiro's duties would wreak havoc on the bankruptcy system. As stated In *Wincek*:

> He [the debtor] has thereby deprived the trustee of information needed to administer this case, and hindered other parties in interest in the prosecution of any claims they might have against the debtor. <u>Such conduct, if tolerated by the courts, has onerous and ominous implications for trustees, creditors and other parties with an interest in a bankruptcy case. The system of bankruptcy cannot function in the face of such a total blanket assertion as to information, documents, and property</u>.

202 B.R. at 167 (*citing Connelly*, 59 B.R. at 425) (emphasis added).

5

CASE NO. 09-36408-BKC-LMI<br>CASE NO. 09-36418-BKC-LMI

16.  The Trustee urges this Court to swiftly impress upon Shapiro the necessity of complying with his duties and responsibilities in these bankruptcy proceedings and requiring Shapiro to file his bankruptcy schedules, statement of financial affairs and list of creditors.[3]

## IV.  RELIEF REQUESTED

17.  Shapiro is in direct violation of the Order for Relief.  In addition, courts have held that section "521 is the functional equivalent of a specific and definite order of the court" (*In re Crabtree*, 39 B.R. 702, 710 (Bankr. E.D. Tenn. 1984)), and Shapiro has likewise brushed off his duties set forth therein.

18.  Accordingly, the Trustee requests that the Court (i) grant the Motion to Show Cause; (ii) enter an Order to Show Cause;  (iii) schedule a hearing on the Order to Show Cause why Shapiro should not be held in contempt for the direct violation of the Order for Relief and for not complying with his duties under 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007; or (iv) alternatively grant the Motion to Compel.

**WHEREFORE**, Joel L. Tabas, Trustee, respectfully requests this Court (1) enter an Order to Show Cause; (2) schedule a show cause hearing; (3) alternatively, compel Shapiro to prepare and file bankruptcy schedules A, B, D, E, F, G, H, I and J, a Statement

---

[3] And to the extent not waived by asserting a meaningless blanket invocation of the Fifth Amendment privilege, requiring Shapiro to assert to which specific questions he believes a response would tend to incriminate him and support such assertion with credible facts that demonstrate a reasonable fear of self-incrimination. *See Connelly*, 59 B.R. at 450, where the court required debtor for each question he responded to with a Fifth Amendment privilege assertion, to contemporaneously file, in judge's chambers for an in camera review, a sworn affidavit stating, the nature of any pending or potential criminal charges that produce such reasonable fear for each agency that the debtor's attorneys stated may be conducting an investigation, how the response sought might incriminate him and be accompanied by any supporting documentary evidence and written argument of counsel.

CASE NO. 09-36408-BKC-LMI<br>CASE NO. 09-36418-BKC-LMI

of Financial Affairs and a list of creditors as set forth herein; and (4) grant such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic transmission to all parties on the attached Electronic Mail Notice List and via first class U.S. Mail upon all parties on the attached Manual Notice List on this 17th day of February, 2010.

> Respectfully submitted,
>
> /s/ Gary M. Freedman
> Gary M. Freedman
> Florida Bar No.: 727260
> Andrea L. Rigali
> Florida Bar No. 42015
> Tabas, Freedman, Soloff, Miller & Brown, P.A.
> *Attorneys for Joel L. Tabas, Trustee*
> One Flagler Building
> 14 Northeast First Avenue, Penthouse
> Miami, Florida 33132
> Telephone:  (305) 375-8171
> Facsimile:  (305) 381-7708
> E-mail: gary@tabasfreedman.com

TABAS, FREEDMAN, SOLOFF MILLER & BROWN, P.A. • ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 • (305) 375-8171

# Mailing Information for Case 09-36408-LMI

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Silvio Amico    silvioam@bellsouth.net
- Eric N Assouline    ena@assoulineberlowe.com, jc@assoulineberlowe.com;ag@assoulineberlowe.com
- Jeffrey W. Blacher    jblacher@blacherlaw.com
- Andrew C Deweese    adeweese@drllp.com
- Drew M Dillworth    ddillworth@stearnsweaver.com, marocha@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com
- Mark A Drummond    mad@hostetler-kowalik.com
- Gary M Freedman    gfreedman@tabasfreedman.com, alice@tabasfreedman.com;jackie@tabasfreedman.com;lise@tabasfreedman.com;zuraika@tabasfreedman.com
- Jeffrey A Hokanson    jeff.hokanson@hostetler-kowalik.com
- John W. Kozyak    jk@kttlaw.com, ycc@kttlaw.com;la@kttlaw.com
- Thomas R Lehman    trlehman@tewlaw.com, esf@tewlaw.com;jsj@tewlaw.com;dts@tewlaw.com
- Paul J McMahon    pjm@pjmlawmiami.com
- Barry E. Mukamal    bankruptcy@marcumrachlin.com, fl64@ecfbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Anila Rasul    arasul@kahaneandassociates.com, jbuchanan@kahaneandassociates.com;mjoseph@kahaneandassociates.com;ymarcelin@kahaneandassociates.com
- David L Rosendorf    dlr@kttlaw.com, pm@kttlaw.com;la@kttlaw.com;CWT@kttlaw.com;ycc@kttlaw.com
- Theodore F Smith    tsmith@tedsmithlaw.com
- Joel L Tabas    jtabas@tabasfreedman.com, karen@tabasfreedman.com
- Joel L Tabas    JLT@tfsmlaw.com, jtabas@ecf.epiqsystems.com;nancy@tfsmlaw.com;scott@tfsmlaw.com
- Frank Terzo    frank.terzo@gray-robinson.com, jceide@gray-robinson.com;lnegron@gray-robinson.com;vking@gray-robinson.com
- Peter F. Valori    pvalori@dvllp.com, spitta@dvllp.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)