UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                              CASE NO.: 09-36408-BKC-LMI
                                                    CASE NO.: 09-36418-BKC-LMI
CAPITOL INVESTMENTS USA, INC.
and NEVIN KAREY SHAPIRO,                             Involuntary Chapter 7
                                                    (Jointly Administered under
            Debtors.                                Case No.: 09-36408-BKC-LMI)
_____/

## DEBTOR SHAPIRO'S MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION FOR RULE TO SHOW CAUSE

Debtor, Nevin Shapiro, files his memorandum of law in opposition to the Trustee's motion for an order to show cause why Mr. Shapiro should not be held in contempt of court (the "Motion") [D.E. 132], and in support states:

### Background

On November, 30, 2009, an involuntary Chapter 7 bankruptcy petition was filed against Mr. Shaprio and Capitol Investments USA, Inc. ("Capitol"). On December 11, 2009, Joel L. Tabas was appointed as interim Chapter 7 Trustee. On, January 13, 2010, Mr. Shapiro filed his Notice of Invocation of Fifth Amendment Right [D.E. 54], asserting his Fifth Amendment privilege against self incrimination in relation to filing any bankruptcy schedules. Mr. Shapiro will also file on or before March 8, 2010 his bankruptcy schedules, invoking his Fifth Amendment rights as to each question he believes could violate his right against self-incrimination.

### Argument

Based upon the minimal standard required, Mr. Shapiro has a credible fear that completing bankruptcy schedules would furnish a link or links in the chain of evidence needed to prosecute him and therefore, he has properly invoked his fifth amendment rights and should not be held in contempt of court.

**1.  The Fifth Amendment Privilege Against Self Incrimination**

The Fifth Amendment privilege not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. *Hoffman v. United States*, 341 U.S. 479 (1951).  But this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. *Id*. The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not itself establish the hazard of incrimination. *Id*. However, if the witness, upon interposing his claim, were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection the privilege is designed to guarantee. *Id*.  Therefore, to sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. *Id*.

The Fifth Amendment's privilege against self-incrimination may be asserted by a debtor in a bankruptcy proceeding. *In re Potter*, 88 B.R. 843, 849 (Bankr. N.D. Ill. 1988).  Where a court is faced with a blanket assertion of the Fifth Amendment privilege, it is incumbent upon the court to conduct an inquiry into the legitimacy and scope of such a claim. *Id*.  Generally, the witness must have reasonable cause to apprehend danger of self-incrimination from direct answers to the specific questions posed. *Id*.  Reasonable cause exists where there is some nexus between the risk of criminal connection and the information requested. *Id*.

**2.  The Debtor's Minimal Burden**

"It is for the court to decide" whether a witness' silence, or his invocation of the Fifth Amendment is justified.  *In re Keller Financial Services of Florida, Inc*. 259 B.R. 391,

399 (Bankr. M.D. Fla. 2000).  That determination is based upon the trial court's own perception of the case's facts, and is to be liberally construed "in favor of the right it was intended to secure."  *Id.* (*citing Hoffman,* 341 U.S. at 486).  "The immediate and potential evils of compulsory self-disclosure transcend any difficulties that the exercise of the privilege may impose on society in the detection and prosecution of crime."  *Id.*  Indeed, in view of the liberal construction of the provision, after a witness has asserted the privilege, he should be compelled to provide the requested information only if it **"clearly appears"** to the court that the witness is mistaken in his invocation of the privilege.  *In re Keller Financial Services of Florida, Inc*., 259 B.R. 391, 399 (Bankr. M.D. Fla. 2000) (emphasis added).

While the person invoking the privilege must establish that the risk of incrimination resulting from their testimonial communications must be "substantial and real" and not trifling or imaginary hazards of communication, a witness' burden to justify the invocation of the privilege may be only "**minimal**," and the witness must explain how his answer will be incriminatory only **"in a limited fashion."** *In re Keller Financial Services of Florida, Inc*., 259 B.R. 391, 399 (Bankr. M.D.Fla. 2000) (Keller asserted his belief that he may be the target of a pending criminal investigation regarding his pre-bankruptcy transactions because of a search warrant executed on his former attorney, from information his attorney learned from FBI agents, and FBI agents attended hearings) (emphasis added).

Importantly, the witness is not required to establish that criminal prosecution is probable or imminent.  *Id*.  Instead, the court must only be satisfied that "there is a reasonable possibility" that the witness' answer will be used against him.  *Id*.  Moreover, it is the possibility of prosecution, not the judge's assessment of the likelihood of such prosecution, which establishes a valid claim.  *In re Potter*, 88 B.R. 843, 849 (Bankr. N.D.  Ill. 1988).

Finally, debtors in <u>involuntary</u> bankruptcy cases should be given more leeway in

invoking Fifth Amendment rights.  Indeed, the Court should give more weight to the invocation if a debtor in an involuntary case than one in which a debtor intentionally throws himself before Court and then seeks to invoke the privilege.  *See In re Foster*, 188 F.3d 1259, 1271 n.15 (10th Cir. 1999)

To invoke the Fifth Amendment privilege, the debtor must only offer some possibility of self-incrimination. *See In re French*, 127 B.R. 434 (Bankr. D.Minn. 1991) (record, including pending criminal charges, sufficiently established the possibility of self-incrimination).  The potential for incrimination is generally shown by argument of counsel to avoid the witness risking self-incrimination in order to assert the privilege.  *See In re French*, 127 B.R. at 437.  "In practice, the invoker's attorney need only sketch a scenario of how a possible but still unknown response might provide direct or circumstantial evidence of criminal conduct or clues leading to evidence of criminal conduct."  *Id*.

### 3.  Mr. Shapiro has a Risk of Self Incrimination Regarding the Bankruptcy Schedules

Mr. Shapiro is not required to prove the hazard of self-incrimination in the manner in which a claim is usually required to be established in court. *See Hoffman v. United States*, 341 U.S. 479 (1951).  If he were, he would be compelled to surrender the very protection the privilege is designed to guarantee.  *Id*.  Based upon the minimal standard, Mr. Shapiro's has a fear of criminal prosecution, and his completion of bankruptcy schedules would risk the possibility of self-incrimination.

### A.  Mr. Shapiro has a Fear of Criminal Prosecution

Here, the Trustee's own filings demonstrate why Mr. Shapiro has a reasonable fear of criminal prosecution, as they recite the position of the petitioning creditors' allegations that "Shapiro … had committed bank fraud … and that he may have operated Capitol … fraudulently."  *See e.g.* [D.E. 81].  Indeed, this Court relied upon proffers of evidence along the

foregoing lines in granting the motion of the petitioning creditors to appoint the Trustee in the first place.   And, in the first deposition of the first witness (a bookkeeper of Capitol, Alex Torres), the Trustee's counsel asserted that there were multiple fraudulent invoices including circular invoices and invoices for which goods did not exist.  The Trustee's counsel additionally inquired as to whether Capitol was a "ponzi scheme".[1]

Further, individuals in other cases have made sworn statements which could form the basis for a criminal investigation of Mr. Shapiro.  And, undersigned counsel believes that there is a criminal investigation which relates at least in part to the activities of Mr. Shapiro.

Upon similar facts as the instant case, courts have sustained a debtor's invocation of the privilege.  In *In re Potter*, the Court held that there was "little doubt" that the debtor's Fifth Amendment claim was well founded (*Id*. at 850) as:

> The debtor left behind her a trail of unhappy clients who had given her substantial sums of money to build homes she apparently never finished. A number of those clients have filed nondischargeability complaints … Apparently some of those same disgruntled clients have complained to the … State's Attorney. An investigation is underway.

*Id*.; *see also In re Endres, Jr.*, 103 B.R. 49 (Bankr. N.D.N.Y. 1989) (genuine possibility of criminal prosecution existed where allegations of the complaint related to debtor's check cashing activities); *see also O'Neal v. Sun Bank, N.A.*, 754 So. 2d 170 (Fla. 5th DCA 2000) (ongoing federal fraud investigation proper grounds for assertion of privilege).

Undersigned counsel has consulted with Mr. Shaprio's criminal defense counsel, Guy Lewis, the former U.S. Attorney for the Southern District of Florida and carefully analyzed the factual background and issues in this case with Mr. Lewis and determined that the invocation of Mr. Shaprio's Fifth Amendment privilege against self incrimination is both appropriate and necessary.

---

[1] The witness answered no, but it was apparent that he did not know what a ponzi scheme was.

5

Under the circumstances, undersigned counsel, along with Mr. Shaprio's criminal counsel, request that the Court allow them to provide an *ex parte*, *in camera*, presentation in order to provide details concerning the factual basis for the reasonable fear of prosecution and, if necessary, that the Court schedule an evidentiary hearing so that evidence may be presented concerning such reasonable fear.

### B.  Mr. Shapiro has a Risk of Self-Incrimination on Multiple Levels

Mr. Shapiro's completion of bankruptcy schedules would risk self-incrimination.  Not only must Mr. Shapiro be concerned with answering questions which furnish the link in the chain of evidence which may incriminate him, but he must also assert privilege against any question which could be deemed a waiver of his privilege.  Completing and filing bankruptcy schedules could act as a waiver of the debtor's Fifth Amendment privilege with respect to questions concerning the statements and schedules themselves, as well as specific questions concerning specific information contained in the statements and schedules.  *See In re Brandenburg*, 2007 WL 117391, 4 (Bankr. E.D. Tenn. 2007).   In other words, if Mr. Shapiro fills in the information called for, he would be risking providing information which could be used against him in a criminal proceeding.[2]

In sum, compelled statements concerning Mr. Shapiro's financial affairs, would impermissibly force Mr. Shapiro to waive his Fifth Amendment right against self-incrimination.

Finally, as of the time of this filing, Mr. Shaprio has filed or will schedules wherein he asserted his privilege as to each question to which he is concerned would possibly be self-

---

[2] Also, Mr. Shapiro should not be compelled to complete schedules for Capitol if doing so would violate his Fifth Amendment privilege.  *See In re Cotillion Investments, Inc.*, 343 B.R. 344, 356 (Bankr. S.D. Fla. 2006); *see also In re MMH Automotive Group, LLC*, 346 B.R. 229 (Bankr. S.D. Fla. 2006) (Isicoff, J.).  Capitol, instead, should appoint agents who can, without fear of self-incrimination, furnish such requested information as is available to it.  *In re Tower Metal Alloy Co.*, 188 B.R. 954, 957 (Bankr. S.D.Ohio 1995).

incriminating, or waive his rights under the Fifth Amendment.[3]  Undersigned counsel requests that if the Court determines that Mr. Shapiro may provide additional information without waiving his Fifth Amendment privilege that he be given a reasonable amount of time to complete such schedules and that the Court enters a written order addressing the point which would guide Mr. Shapiro and undersigned counsel.

## **CONCLUSION**

In sum, record in this case contains sufficient information, based upon the minimal standard required, that Mr. Shapiro has an established a fear or criminal prosecution, the possibility of self-incrimination, and that "there is a reasonable possibility" that his answers will be used against him.

For the foregoing reasons, Mr. Shapiro respectfully requests that this Court:

(i)    Deny the Trustee's Motion; and

(ii)    Enter such other and further relief as this Court deems just and proper.

---

[3] While Mr. Shapiro believes his argument of counsel is sufficient to establish his fear of self incrimination, should the Court see fit, Mr. Shapiro alternatively requests an *in camera* examination wherein he may express his concerns to the Court.

Case No.:  09-36418-LMI

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 2090-1(A)

I, Peter F. Valori, hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated:  March 4, 2010.              Respectfully submitted,

DAMIAN & VALORI, LLP
*Counsel for Debtor Nevin Karey Shapiro*
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
T: (305) 371-3960
F: (305) 371-3965

By:  s/ Peter F. Valori_____
Peter F. Valori, LLC
  Florida Bar No. 0043516
  pvalori@dvllp.com
Kenneth Dante Murena, P.A.
  Florida Bar No. 147486
  kmurena@dvllp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2010, this document was filed with the Court via the CM-ECF system and electronic notice of this document was provided to interested parties registered with CM-ECF for this case and that this document was served upon all parties and counsel on the attached **Service List** in the manner specified.

s/ Peter F. Valori_____

Case No.:  09-36418-LMI

## <u>SERVICE LIST</u>

**Via CM/ECF to:**

Silvio Amico on behalf of Debtor Capitol Investments USA, Inc.
silvioam@bellsouth.net

Eric N Assouline on behalf of Creditor Dan Derose
ena@assoulineberlowe.com, jc@assoulineberlowe.com;ag@assoulineberlowe.com

Jeffrey W. Blacher on behalf of Creditor Misuco International, Inc.
jblacher@blacherlaw.com

Andrew C Deweese on behalf of Interested Party Nevin Shapiro
adeweese@drllp.com

Drew M Dillworth on behalf of Creditor Cybur Investments, LLC
ddillworth@stearnsweaver.com,
marocha@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com

Mark A Drummond on behalf of Creditor Jim Fisher IRA Rollover
mad@hostetler-kowalik.com

Gary M Freedman on behalf of Trustee Joel Tabas
gfreedman@tabasfreedman.com,
jackie@tabasfreedman.com;lise@tabasfreedman.com;zuraika@tabasfreedman.com

Jeffrey A Hokanson on behalf of Creditor Jim Fisher IRA Rollover
jeff.hokanson@hostetler-kowalik.com

John W. Kozyak on behalf of Petitioning Creditor Bradley Associates Limited Partnership
jk@kttlaw.com, ycc@kttlaw.com;la@kttlaw.com

Thomas R. Lehman on behalf of Creditor David Rowe
trl@lkllaw.com

David Hywel Leonard on behalf of Creditor Carlton Fields, P.A.
hleonard@carltonfields.com, lrodriguez@carltonfields.com;tpaecf@cfdom.net

Paul J McMahon on behalf of Creditor Grocery Marketing, Inc.
pjm@pjmlawmiami.com

Barry E. Mukamal
bankruptcy@marcumrachlin.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Case No.: 09-36418-LMI

Anila Rasul on behalf of Creditor Deutsche Bank
arasul@kahaneandassociates.com,
jbuchanan@kahaneandassociates.com;mjoseph@kahaneandassociates.com;ymarcelin@kahanea
ndassociates.com

David L Rosendorf on behalf of Petitioning Creditor Bradley Associates Limited Partnership
dlr@kttlaw.com, pm@kttlaw.com;la@kttlaw.com;CWT@kttlaw.com;ycc@kttlaw.com

Theodore F Smith on behalf of Creditor Terrance Smith
tsmith@tedsmithlaw.com

Aaron L Swimmer on behalf of Attorney Swimmer Law Associates, P.A.
als@swimmerlawassociates.com

Joel L Tabas
JLT@tfsmlaw.com, jtabas@ecf.epiqsystems.com;nancy@tfsmlaw.com;scott@tfsmlaw.com

Joel L Tabas on behalf of Trustee Joel Tabas
jtabas@tabasfreedman.com, karen@tabasfreedman.com

Frank Terzo on behalf of Creditor Hyman B. Birnbaum Revocable Trust
frank.terzo@gray-robinson.com, jceide@gray-robinson.com;lnegron@gray-
robinson.com;vking@gray-robinson.com

Peter F. Valori on behalf of Debtor Nevin Shapiro
pvalori@dvllp.com, spitta@dvllp.com

Theodore R Walters on behalf of Creditor Robert Haines
twalters@cl-law.com

**Via U.S. mail to:**

Craig A Bryan
Bryan, Bradley & Williams, LLC
3003 Tamiami Trail North #210
Naples, FL 34103

Nalini Charran
9 Island Avenue
Unit 2415
Miami Beach, FL 33139