UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

CAPITOL INVESTMENTS USA, INC.
and NEVIN KAREY SHAPIRO,

    Debtors.
_____/

CASE NO.: 09-36408-BKC-LMI
CASE NO.: 09-36418-BKC-LMI

Involuntary Chapter 7
(Jointly Administered under
Case No.: 09-36408-BKC-LMI)

### NEVIN SHAPIRO'S MEMORADUM OF LAW IN OPPOSITION TO THE TRUSTEE'S MOTION FOR ORDER TO SHOW CAUSE AND MOTION FOR ENLARGEMENT OF TIME AND TO APPROVE ELECTRONIC DISCOVERY PROTOCOL

Debtor Nevin Shapiro, files his response to the Trustee's April 9, 2010 motion for a rule to show cause [D.E. 299] and moves the Court to enlarge the time for him to comply with the Court's March 19, 2010 order and to impose a discovery protocol regarding certain computers (and computer images), and in support states:

1. On March 16, 2010, the Court entered an Amended Order Granting Trustee's Motion for Turnover of Property of the Estate [D.E. 239], which required undersigned counsel to retain certain computers[1] intact, preserve all original files on the computers' hard drives and not access such hard drives without further order of this Court. Mr. Shapiro had seven days to provide all non-privileged computer files extracted from the images of the computers and provide a privileged documents log to the Trustee. *Id.*[2]

---

[1] The computers include the following:
    a. 1 Blue Dell XPS Dimension computer
    b. 1 Maxtor 500 GB drive
    c. 1 HP Compaq computer
    d. 1 HP Pavilion computer
    e. 1 Buffalo TeraStation server

[2] Prior production was not required because the deposition of Mr. Shapiro under the December 16, 2009 notice was cancelled.

Case No.: 09-36418-LMI

2. Upon further inspection, it became apparent that compliance with the Court's order was impossible because of the volume of files (in the hundreds of thousands), and because there was no practical way[3] of separating claimed privileged documents from non-privileged documents, and because of the cost and time associated with reviewing and removing the files, which were stored on the imaged medium.[4]

3. From that point, undersigned counsel consulted with a computer expert and counsel for the Trustee. The Trustee's computer expert and Mr. Shapiro's computer expert also communicated with each other directly.

4. Based upon above difficulties, the Trustee agreed to an extension of time for Mr. Shapiro to comply, so long as any protocol and/or procedure was submitted to and approved by the Court.

5. Thereafter, on or around March 29, 2010, undersigned counsel and counsel for the Trustee and the Trustee's computer expert conferred and determined that it would cost at least thirty thousand dollars, not including attorneys' fees, and require certain software—which was expensive and which Mr. Shaprio's expert did not possess, for Mr. Shapiro to comply with the Court's order and separate the documents in to privileged and non-privileged documents.

6. As a result, and in an effort to minimize costs, the parties agreed to turn over the images to the Trustee's expert to act as the custodian of the images. The parties further agreed

---

[3] Other than printing out more than 100 boxes of documents.
[4] Also, numerous other tasks required in this case and others have made it difficult for undersigned counsel to timely review the computer records. Indeed, undersigned counsel has now reviewed and turned over approximately 100,000 to 200,000 documents to the Trustee. A significant portion of which (approximately 50,000 to 80,000) were turned over in the past month which took significant time and effort at a time when undersigned counsel was acting to comply with the other portions of the Court's March 19, 2010 order, and other orders, including the preparation of schedules for Mr. Shapiro and the company, the disclosures ordered by the Court, the preparation of extensive privileged document logs required by the Court, and the attendance at depositions scheduled by the Trustee. Undersigned counsel was also preparing for a trial and preparing for and attending extensive depositions in unrelated matters.

Case No.: 09-36418-LMI

that such turnover was not a waiver of any privileges. The parties further agreed that the expert would then apply search terms (*i.e.* the names of the lawyers and law firm that represented Mr. Shapiro personally – Mr. Shapiro is no longer asserting his Fifth Amendment rights as to the computer records at issue) and then the resulting documents would be turned over the undersigned counsel to prepare a log. The parties further agreed that the remaining non-privileged documents would be accessed by the Trustee by using his computer expert (which is required due to the format of the files at issue – the original computers have not been accessed in order to fully preserve them). The parties further agreed that the Trustee's expert would not knowingly turn over any claimed privileged documents and that any inadvertently produced documents would be returned. The parties further agreed to memorialize the protocol and submit it to the Court for approval.

7. Before undersigned counsel could memorialize of the agreed protocol, the Trustee filed the instant motion.

8. Based upon the foregoing, Mr. Shapiro requests that the Court impose following protocol:

   a. The images of the above hard drives will be turned over to the Trustee's expert. The turnover itself shall not result in the waiver of the attorney client privilege or attorney work product doctrine protected documents.

   b. The hard drive image the computers will be kept in the custody of Trustee's expert pending further order of Court, or the end of this case. The actual computers will be kept in the custody of Debtor's counsel in a secure area pending future order of the Court, or the end of this case.

   c. Debtor's counsel will submit to Trustee's expert a list of search terms calculated

3

Case No.:  09-36418-LMI

to return likely-privileged documents and files as search results within 2 days.

d. Trustee's expert will then perform a search on the hard drive image, and transmit the results of that search to Debtor's counsel.

e. Debtor's counsel will conduct a privilege review of the documents and files contained in the search results, and will produce a privilege log describing such documents and files with 5 days.

f. The Trustee's expert will permit access to the Trustee all remaining portions of the images with the stipulation that the Trustee will not access or view the documents logged at privileged unless the Court permits such access.

g. The Trustee will return to Debtor's counsel any privileged or protected documents which are inadvertently produced by this process.

9. For the reasons set forth above, including the volume of the documents at issue, the format in which the documents are kept, and the impracticability of separating the privileged and non-privileged documents, Mr. Shapiro respectfully requests the Court impose the above electronic document protocol.

10. Also, for the reasons set forth herein, Mr. Shapiro requests that the Court deny the Trustee's motion for an order to show and that the Court modify its March 19, 2010 Order and/or extend the time for compliance there under as is appropriate.

WHEREFORE, Debtor respectfully requests that Court grant the relief requested above.

Case No.:  09-36418-LMI

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 2090-1(A)

I, Peter F. Valori, hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated:  April 12, 2010.                    Respectfully submitted,

DAMIAN & VALORI, LLP
*Counsel for Debtor*
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
T: (305) 371-3960
F: (305) 371-3965

By:  s/ Peter F. Valori
     Peter F. Valori, LLC
        Florida Bar No. 0043516
        pvalori@dvllp.com
     Kenneth Dante Murena, P.A.
        Florida Bar No. 147486
        kmurena@dvllp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2010, this document was filed with the Court via the CM-ECF system and electronic notice of this document was provided to interested parties registered with CM-ECF for this case and that this document was served upon all parties and counsel on the attached **Service List** in the manner specified.

s/ Peter F. Valori

Case No.: 09-36418-LMI

**SERVICE LIST**

**Via electronic transmission:**

*John W. Kozyak
jk@kttlaw.com; ycc@kttlaw.com; la@kttlaw.com

*Thomas R. Lehman
trlehman@tewlaw.com; esf@tewlaw.com; jsj@tewlaw.com; dts@tewlaw.com

*Barry E. Mukamal
bankruptcy@rachlin.com

*Office of the Trustee
USTPregion21.MM.ECF@usdoj.gov

*Anila Rasul
arasul@kahaneandassociates.com; jnazario@kahaneandassociates.com; jbuchanan@kahaneandassociates.com; mjoseph@kahaneandassociates.com; ymarcelin@kahaneandassociates.com

*David L. Rosendorf
dlr@kttlaw.com; pm@kttlaw.com; la@kttlaw.com; CWT@kttlaw.com; ycc@kttlaw.com

*Joel L. Tabas
jtabas@tabasfreedman.com; Karen@tabasfreedman.com

*Joel L. Tabas
JLT@tfsmlaw.com; jtabas@ecf.epiqsystems.com; nancy@tfsmlaw.com; scott@tfsmlaw.com

*Peter F. Valori
pvalori@dvllp.com

**Via U.S. mail**

Nevin Karey Shapiro
5380 N. Bay Rd.
Miami Beach, Florida 33140