UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  
CAPITOL INVESTMENTS USA, INC.,  
and NEVIN KAREY SHAPIRO,

Case No. 09-36408-BKC-LMI  
(Substantively Consolidated)[1]  
Case No. 09-36418-BKC-LMI  
(Jointly Administered under  
Case No. 09-36408-BKC-LMI)

Debtors.  
_____/

Chapter 7

### TRUSTEE'S MOTION FOR CONTINUANCE OF HEARING SCHEDULED FOR JUNE 20, 2011 AND RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Joel L. Tabas, Trustee ("Trustee") files this Motion for Continuance of Hearing Scheduled for June 20, 2011, and his Response in Opposition to the Motion fo Protective Order (the "Motion") [DE 1555] filed by Guy Lewis, Mike Tein, Lewis Tein PL, and LT Nautical, LLC (collectively, the "Lewis Tein Parties"), and states:

### SUMMARY

Undersigned counsel has a scheduling commitment on June 20, 2011 in another matter *In Re: Estate of Eric F. Ross,* Case No. 5020-10-CP-004134 XXXXSB, pending in Palm Beach County Circut Court, which preexisted the scheduling of the instant hearing: the deposition of an out of state lawyer to be attended by approximately seven lawyers and a similar number of parties, scheduled pursuant to court order requiring discovery to be completed by the end of June 2011.  And notwithstanding the fact that the Trustee brought his scheduling conflict to the attention of the Lewis Tein Parties on the morning of June 13, 2011 by email (the "Meet and Confer Email")(attached hereto as Exhibit "A"), requesting they advise by 2:00 p.m. on June 14, 2011 whether they would consent to a continuance

---

[1] The last four digits of the taxpayers identification numbers for each consolidated Debtor follow in parentheses: Ocean Rock Enterprises, Inc. (3272), JAT Wholesale, Inc. (7903), and Pink Panther Enterprises, LLC (5240).

Case No. 09-36408-BKC-LMI
Case No. 09-36418-BKC-LMI

of the hearing, they have failed to consent (or even respond) to the request as of the filing of this Motion at approximately 2:15 p.m. on June 14, 2011. A copy of a proposed order granting the Trustee's continuance request is attached as Exhibit "B" and is being uploaded for the Court's convenience.

Moreover, the record establishes that the Motion before the Court is moot, and should be denied on that basis alone. The Lewis Tein Parties' Motion seeks an order granting them "protection from further 2004 examinations unless and until the Trustee can establish a good faith basis for conducting them." *But there are no 2004 examinations scheduled of the Lewis Tein Parties, and none are being sought by the Trustee*.

In fact, on June 13, 2011, the Trustee, having completed his pre-suit investigation[2] regarding potential claims against the Lewis Tein Parties, filed an adversary action against them in this Court (Adversary No. 11-02138 D.E. 1), and provided a courtesy copy of same to counsel for the Lewis Tein Parties along with the Meet and Confer Email requesting the Lewis Tein Parties withdraw their Motion, stating in pertinent part:

> Because any further discovery regarding the issues raised in the adversary will need to take place within the adversary and not through Rule 2004, your clients' recently filed motion for protective order has been rendered moot.

### PROCEDURAL BACKGROUND

The Motion describes, in an extremely self-serving fashion, the facts of the dispute as authored by the Lewis Tein Parties, suggests the Court should spend nine hours reviewing the entire video tape record to evaluate the conduct of the parties, and suggests

---

[2] The Trustee's examination regarding some of the factual details of this dispute were frustrated by the Lewis Tein Parties' stonewalling of the pre-suit discovery process, but the Trustee has acquired sufficient evidence to conclude that the claims are not only meritorious, but potentially may be capable of determination in the Trustee's favor on summary judgment after the completion of reasonable discovery.

2

Case No. 09-36408-BKC-LMI
Case No. 09-36418-BKC-LMI

that they will at some future time provide "representative excerpts of the videotape" to the Court. The Trustee objects to the failure of the Lewis Tein Parties to provide such excerpts sufficiently in advance of the hearing to be analyzed and then counter-excerpts provided by the Trustee. Further, the Trustee is confident that whatever excerpts may in the future be selected by the Lewis Tein Parties will be anything but fairly representative. This is the case because, while the Motion describes Mr. Tein as "answering each of the Trustee's questions in the most polite, professional and direct manner possible," Mr. Tein refused to answer questions directly (and sometimes even at all), was verbally and physically abusive to Trustee's counsel (Miller and Rigali),[3] and, with his counsel's assistance (via numerous unwarranted interruptions and speaking objections),[4] chose to use the examination to create a self-serving record and prevent any real discovery from taking place.

The conduct at issue is worthy of imposition of the most extreme sanctions available to the Court against the Lewis Tein Parties, but the Trustee wishes to avoid getting bogged down in litigating sanctions motions and prefers to litigate the merits of his claims. Thus he has filed his adversary complaint.

Accordingly, 2004 examinations are no longer permitted with respect to the Trustee's claims asserted against the Lewis Tein Parties, and any future oral examinations

---

[3] Mr. Tein utilized occasions when the proceedings were not being reported or videotaped to physically bump Andrea Rigali, put his finger up to the chest of Robert Miller stating repeatedly, with his face inches away from Mr. Miller's, "you're a coward, you're a coward, you're a coward"; stated that Mr. Miller and his firm "are a joke, and everyone knows it; even Ms. Rigali knows you're a joke;" and even opined on how he makes more money than Mr. Miller. The abuse was constant and continued even after the Court instructed the parties how to behave. Mr. Tein was not even able to restrain himself from engaging in verbal abuse on the record, and even after the Court's admonitions, making unhelpful and unresponsive asides in his "answers" such as "it's clear to me that you have absolutely no understanding of federal criminal defense or you would not have written [a letter not relevant to the question asked] and you wouldn't be wasting everyone's time with the proceeding that you are conducting right now." *Tein Examination*, p. 167, l. 25 p. 168, l. 5.

[4] The fact that Mr. Brodsky, the young lawyer who defended Mr. Tein's examination and authored the Motion, views Mr. Tein's conduct at his examination as being "professional," is a disturbing reflection of the pernicious effect the example set by the Lewis Tein Parties may have on our local bar.

must take place by deposition pursuant to Fed. R. Bankr. P. 7030. The refusal of the Lewis Tein Parties to withdraw their Motion under these circumstances evidences a regrettable willingness to waste the Court and the Trustee's time.

## LEGAL ANALYSIS

In addition to seeking the cessation of Rule 2004 examinations, the Motion seeks the extraordinary remedy of a predetermination by the Court regarding whether or not the Lewis Tein Parties are or may be liable for the claims which the Trustee was investigating and has now initiated against them. No legal authority was provided in the Motion for the advisory opinion requested, and the Trustee certainly is not aware of any authority for the relief sought. Certainly, the Lewis Tein Parties will have an opportunity to advocate whatever defenses they have to the adversary complaint. But not here, and not now.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via E-Mail and U.S. Mail to: **Lewis Tein, P.L., c/o Michael Tein and Guy Lewis**, 3059 Grand Avenue, Suite 340, Coconut Grove, FL 33133 (mtein@lewistein.com), (glewis@lewistein.com); and **Kendall Coffey**, Coffey Burlington, Office in the Grove, PH, 2699 South Bayshore Drive, Miami, FL 33133 (kcoffey@coffeyburlington.com), and via electronic transmission to all parties on the attached Electronic Mail Notice List and via first class U.S. Mail upon all parties on the attached Manual Notice List on this 14th day of June 2011.

Respectfully Submitted,

/s/ Robert B. Miller
Robert B. Miller
Florida Bar No. 305685
Gary M. Freedman
Florida Bar No. 727260
Tabas, Freedman, Soloff, Miller & Brown, P.A.
*Attorneys for Joel L. Tabas, Trustee*
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708

4

## Robert Miller

| | |
|---|---|
| **From:** | Robert Miller |
| **Sent:** | Monday, June 13, 2011 10:58 AM |
| **To:** | Benjamin Brodsky |
| **Cc:** | Gary Freedman; Andrea Rigali; Danielle Robinson; Lise Shortino; Aida McLaughlin |
| **Subject:** | Capitol/Lewis Tein |
| **Attachments:** | Complaint w-exhibits.pdf |

Ben,

Attached is a courtesy copy of the complaint which has been filed and which will promptly be served by mail on your clients. Because any further discovery regarding the issues raised in the adversary will need to take place within the adversary and not through Rule 2004, your clients' recently filed motion for protective order has been rendered moot. Additionally, I have a conflict on June 20, 2011 (the date scheduled by the Court for the hearing).

Accordingly, I request that you promptly advise whether, in light of the filing of the adversary, you will agree to withdraw your clients' motion for protective order without prejudice due to it being moot. If you are unwilling to do so, please advise whether you will consent to entry of an agreed order continuing the hearing. If I do not hear from advising as to your agreement as to this by 2:00 p.m. tomorrow, I will have no choice but to file a motion to continue the hearing and advise the Court that the motion is in any event moot. Thank you.



Bob Miller
Tabas, Freedman, Soloff, Miller & Brown, P.A.
One Flagler Building
14 Northeast First Avenue, Penthouse
Miami, FL 33132
Phone: (305) 375-8171
Fax: (305) 381-7708
rmiller@tabasfreedman.com



This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If this information is received by anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL and by telephone at ((305)375-8171) and obtain instructions as to the disposal of the transmitted material. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Thank you



EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                    Case No. 09-36408-BKC-LMI
CAPITOL INVESTMENTS USA, INC.,                      (Substantively Consolidated)[1]
and NEVIN KAREY SHAPIRO,                               Case No. 09-36418-BKC-LMI
                                                                               (Jointly Administered under
                                                                               Case No. 09-36408-BKC-LMI)

            Debtors.                                                      Chapter 7
_____/

**ORDER CONTINUING HEARING ON MOTION FOR PROTECTIVE ORDER**

   THIS CAUSE having come before the Court upon the Trustee's Motion to Continue Hearing and Response in Opposition to Motion for Protective Order [DE ____], and the Court, having reviewed the request of Trustee's counsel to continue the hearing on the Motion for Protective Order [DE 1555] and having found good cause for such continuance, it is

   ORDERED as follows:

**EXHIBIT B**

---
[1] The last four digits of the taxpayers identification numbers for each consolidated Debtor follow in parentheses: Ocean Rock Enterprises, Inc. (3272), JAT Wholesale, Inc. (7903), and Pink Panther Enterprises, LLC (5240).

Case No. 09-36408-BKC-LMI  
Case No. 09-36418-BKC-LMI

1. The hearing on the Motion for Protective Order is hereby continued to and reset for _____ at _____ at the United States Bankruptcy Court, Southern District of Florida, Miami Division, 51 S.W. 1st Avenue, Room 1409, Miami, FL 33130.

# # #

Submitted by:
Robert B. Miller

Tabas, Freedman, Soloff, Miller & Brown, P.A.
14 N.E. First Avenue, Penthouse
Miami, Florida 33132
Telephone No.: 305-375-8171
Facsimile No.: 305-381-7708

Copy furnished to:
Robert B. Miller
Robert B. Miller  is directed to serve a copy of this Order on all interested parties and to file a certificate of service.

## Mailing Information for Case 09-36408-LMI

**Electronic Mail Notice List**

The following is the list ~~of~~ **parties** who are currently on the list to receive e-mail notice/service for this case.

- Joaquin J Alemany    joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- Eric N Assouline    ena@assoulineberlowe.com, jc@assoulineberlowe.com;ah@assoulineberlowe.com
- Douglas A Bates    dbates@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com
- Paul J. Battista    pbattista@gjb-law.com, gjbecf@gjb-law.com
- Jeffrey W. Blacher    jblacher@blacherlaw.com
- David S Catuogno    dcatuogno@formanlaw.com
- Miguel M Cordano    mc@lgplaw.com, bjo@lgplaw.com;mra@lgplaw.com;fpc@lgplaw.com;jlg@lgplaw.com;rb@lgplaw.com;mbl@lgplaw.com;mds@lgplaw.com;lbr@lgplaw.com
- Andrew C Deweese    , ad@lydeckerdiaz.com
- Drew M Dillworth    ddillworth@stearnsweaver.com, marocha@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com
- Mitchell A. Dinkin    mdinkin@bdblaw.com, jlahti@bdblaw.com;apinango@bdblaw.com;njohnson@bdblaw.com
- Mark A Drummond    mad@hostetler-kowalik.com
- Bertis A Echols    bert.echols@thehalelawgroup.com, denise.hardin@thehalelawgroup.com;bert.echols@thehalelawgroup.com
- Jonathan S. Feldman    jfeldman@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Gary M Freedman    gfreedman@tabasfreedman.com, jackie@tabasfreedman.com;lise@tabasfreedman.com
- Jeffrey B Greenspan    jeff.greenspan@mbtlaw.com
- Jeffrey A Hokanson    jhokanson@hklawfirm.com, jwellner@hklawfirm.com
- Linda W Jackson    linda.Jackson@IZHMLAW.COM, marilyn.rivera@izhmlaw.com;karina.dominguez@izhmlaw.com
- Richard A Johnston    richard.johnston@fowlerwhite.com, cynthia.ferguson@fowlerwhite.com;ann.greulich@fowlerwhite.com;pgiordano@fowlerwhite.com
- Kenneth M Jones    kjones@moodyjones.com
- John W. Kozyak    jk@kttlaw.com, ycc@kttlaw.com;la@kttlaw.com
- Thomas R. Lehman    trl@lkllaw.com, jmh@lkllaw.com;esf@lkllaw.com;rb@lkllaw.com
- David Hywel Leonard    hleonard@carltonfields.com, lrodriguez@carltonfields.com;tpaecf@cfdom.net
- Paul J McMahon    pjm@pjmlawmiami.com
- Miami-Dade County Tax Collector    mdtcbkc@miamidade.gov
- Robert B Miller    rmiller@tabasfreedman.com, aida@tabasfreedman.com
- Barry E. Mukamal    bankruptcy@marcumllp.com
- Kenneth D Murena    kmurena@dvllp.com, lfd@dvllp.com
- Ronald G Neiwirth    rgn@fowler-white.com, mlf@fowler-white.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Kristopher E Pearson    kpearson@stearnsweaver.com, mmasvidal@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com
- Anila Rasul    arasul@kahaneandassociates.com, jbuchanan@kahaneandassociates.com;dphillips@kahaneandassociates.com
- Andrea L Rigali    arigali@tabasfreedman.com, diane@tabasfreedman.com;pmoncada@tabasfreedman.com;mcampbell@tabasfreedman.com
- Luis E Rivera II    luis.rivera@henlaw.com
- David L Rosendorf    dlr@kttlaw.com, rcp@kttlaw.com;CWT@kttlaw.com;ycc@kttlaw.com
- Steven H. Rothstein    steverothstein@miamibeachfl.gov
- Michael L Schuster    mschuster@gjb-law.com, gjbecf@gjb-law.com;mpacheco@gjb-law.com
- Theodore F Smith    tsmith@tedsmithlaw.com
- Aaron L Swimmer    als@swimmerlawassociates.com
- Joel L Tabas    jtabas@tabasfreedman.com, karen@tabasfreedman.com;paola@tabasfreedman.com;rdecker@tabasfreedman.com;afiorentino@tabasfreedman.com;jseff@tabasfreedman.com;francis@tabasfreedma
- Joel L Tabas    JLT@tfsmlaw.com, jtabas@ecf.epiqsystems.com;nancy@tfsmlaw.com;scott@tfsmlaw.com
- Frank Terzo    frank.terzo@gray-robinson.com, lnegron@gray-robinson.com;jennifer.phillips@gray-robinson.com
- Peter F. Valori    pvalori@dvllp.com, spitta@dvllp.com
- Theodore R Walters    twalters@cl-law.com
- Roy L. Weinfeld    rlw@weinfeldlaw.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Craig A Bryan
Bryan, Bradley & Williams, LLC 3003
Tamiami Trail North #210
Naples, FL 34103

Jack J Carriglio
Jeffrey B. Greenspan
Eric E Newman
123 N Wacker Dr #1800
Chicago, IL 60606

Mirce Curkoski
One Sotheby's International Realty
1537 San Remo Ave
Coral Gables, FL 33146

Richard Johnston
P.O. Box 317
1240 Cedars Valley Dr.
St. Albans, MO 63073

Michael A Hanson
2501 N Orient Rd #D
Tampa, FL 33619

David S Harris
6431 SW 39 St
Miami, FL 33155

Rachel L Hazaray
101 W Ohio St #2100
Indianapolis, IN 46204

Sean P O'Connor
211 N Krome Ave
Homestead, FL 33030

Bruce Rishty
353 W 47 St, PH-A
Miami Beach, FL 33140

Nancy Telese
PO Box 291
Palm Beach, FL 33480

Carl A. Howes
Vice President Pachira Company
Newgate Tower
5150 North Tamiami Trail, Suite 504
Naples, FL 34103

Capitol Investments USA, Inc.
Nevin Shapiro
c/o Maria Elena Perez PA
145 Madeira Ave Ste 310
Coral Gables, Florida 33134-4520