**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                          Case No. 09-36408-BKC-LMI
                                                                Case No. 09-36418-BKC-LMI
CAPITOL INVESTMENTS USA, INC. and
NEVIN KAREY SHAPIRO, Debtors.
_____/

JOEL L. TABAS, TRUSTEE,
                                                                Adv. Case No. 11-2138-BKC-LMI
         Plaintiff,

v.

LEWIS TEIN, P.L., LT NAUTICAL, LLC,
GUY LEWIS and MICHAEL TEIN,

         Defendants
_____/

## RENEWED MOTION FOR PROTECTIVE ORDER

Guy Lewis and Mike Tein, the Lewis Tein PL law firm, and LT Nautical, LLC (collectively, "Lewis Tein"), renew their earlier-filed motion for a protective order, pursuant to Fed. R. Bankr. P. 7026 and 7030 and Federal R. Civ. P. 26(c) and 30(d)(1), stating:

## I.    Summary

The Trustee's latest submission concerning the ongoing discovery disputes, DE 1591, is a thinly-disguised and utterly baseless personal attack on Lewis Tein and even its counsel. The depths to which these attacks plunge are an abandonment of all semblance of civility. Following an unrelenting series of inaccurate character assaults in written submissions as well as during court appearances, the Trustee has now invented "off-the-record" deposition events out of whole cloth, which the video record and transcript refute. All of this is an attempt to besmirch Lewis Tein's

outstanding reputation, deprive them of a fair trial by prejudicing the court, and bully them into an unjustified and unconscionable settlement.    While counsel takes no pleasure in recounting such circumstances, there is a clear duty to defend Lewis Tein from the kind of unfounded personal attacks that are accelerating here.    Equally plain is the need for judicial measures to address the Trustee's tactics.

For those reasons and the reasons discussed below, Lewis Tein respectfully seeks a protective order from the Court limiting the duration of any remaining depositions, and fixing the location of those depositions at their offices.  They have been deposed already for nine hours, after having had their depositions unilaterally cancelled by the Trustee on three separate occasions.  Mr. Lewis and Mr. Tein both answered hostile questioning with the utmost of professionalism and courtesy.  Despite putting the Lewis Tein firm through great expense and inconvenience, the Trustee has not been able to uncover any evidence to support its theory that Lewis Tein billed Capitol Investments for representing Nevin Shapiro.  The fact that the Trustee has now initiated adversary proceedings against Lewis Tein should not give them leave to subject Lewis Tein to another round of harassing, drawn-out deposition questioning.  The depositions should be limited to three hours for Mr. Lewis and two hours for Mr. Tein.  Moreover, as exemplified by the recent false and inflammatory accusations in the Trustee's Motion for Continuance, these limited depositions should be conducted at the offices of Lewis Tein to avoid further harassing, prejudicial conduct against the law firm and its lawyers.

## II.      Procedural Background

### A.      Mr. Tein's Deposition

1.      Prior to the deposition of Mr. Tein on June 1, 2011, the Trustee had canceled Mr. Lewis and Mr. Tein's depositions (in their individual and corporate capacities), at the last minute,

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

Case 09-36408-LMI    Doc 1627    Filed 06/22/11    Page 3 of 9

on three separate occasions.  The depositions followed the Trustee's unsuccessful motion to compel documents against the law firm.

2.     On May 11, 2011, the Trustee took Mr. Lewis's deposition for four hours and then recessed over objection from Lewis Tein's lawyer.

3.     The Trustee then set Mr. Tein's deposition for June 1, and the continuation of Mr. Lewis' deposition for June 2.

4.     Mr. Tein's deposition took place on June 1.  The Trustee started late.  During the middle of the deposition, Trustee's counsel called the Court seeking protection and the Court counseled both sides.

5.     The deposition then continued in a manner perfectly consistent with the Court's directives.

6.     After a brief lunch recess, the deposition resumed.  At 3:00 p.m., however, after five hours of questioning, counsel for the Trustee indicated that he was terminating Mr. Tein's deposition and also canceling Mr. Lewis' deposition (set for the next day).  Mr. Tein and Mr. Lewis (who was in attendance) and their lawyer, urged the Trustee's counsel to press forward with both depositions, given the tremendous time, expense and inconvenience these proceedings have demanded of the Lewis Tein firm, even offering to stay late and start early the next day. After accusing Mr. Tein, Mr. Lewis and their counsel of "orchestrated" "filibustering," the Trustee's counsel terminated the deposition.  (*See* Transcript of Deposition of Michael Tein at 216:4-8 ("MR. MILLER:  But the problem is is [sic] because of the insistence upon providing nonresponsive, lengthy answers that are -- in many instances, are repetitive, it takes up too much time.  So I've made the decision.").

3

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

7.      A review of the deposition transcript and videotape reveals that the Trustee's counsel's reason for terminating – Mr. Lewis and Mr. Tein's purported "filibustering" – was clearly pretextual .  The real reason that the Trustee refused to continue with these depositions is that both Mr. Lewis and Mr. Tein's answers, under oath, as well as the contemporaneous record of their representation, established that the Trustee's theory of their claim against the law firm is completely groundless.   The Trustee's theory is that the Lewis Tein law firm represented Nevin Shapiro in his individual capacity only, and that Capitol Investments, Inc. made some of the payments to the law firm for that representation.  Therefore, the Trustee reasons, Capitol Investments (the debtor) did not receive reasonably equivalent value for its payments.

8.      Especially based on the answers that Mr. Lewis and Mr. Tein gave at their depositions, the Trustee's theory is frivolous.  For example, at Mr. Tein's deposition, per the Court's suggestion, he brought all of the attorney notes and internal attorney emails that had been listed on the firm's privilege log.  After the Trustee agreed that Mr. Tein's answers would not waive work-product, Mr. Tein began describing the contents of the emails and attorney notes in detail, in response to the Trustee's specific questions.  Mr. Tein's answers were always responsive to his questions, including the last one which supposedly precipitated the termination of the deposition, *viz.*: whether Nevin Shapiro had asked the Lewis Tein firm to represent him and Capitol Investments USA, Inc. on civil matters during a meeting in February 2007, to which Mr. Tein responded, at least eight times, that he did not have a personal recollection regarding exactly what Mr. Shapiro said to him at a meeting over four years prior, but that his notes and his correspondence indicate that Mr. Shapiro did indeed ask the firm to represent him and Capitol on some civil matters. (*See id.* at 203:3-204:9; 204:15-20; 205:11-22; 206:1-14; 206:15-19; 207:24-208:15; 208:16-209:11; 209:19-10:5.)  After repeatedly insisting that Mr. Tein answer the question with a yes or no,

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

and having reached an impassable stumbling block to a claim against the law firm, the Trustee's counsel terminated the deposition.

9.     And, far from "filibustering," when an answer to a question or an explanation about a privileged document became lengthy, Mr. Tein paused in the middle and asked the Trustee's lawyer if he wanted that much detail.  In each instance the Trustee's lawyer said "Yes."  This occurred numerous times.  (*See*, *e.g.*, *id.* at 96:18-99:13; 108:13-109:1; 137:5-19; 177:18-178:14.)

10.     In short, as evidenced by the excerpts cited above, and by the entire deposition transcript provided contemporaneously to the Court herewith, Mr. Tein's answers could not be any more complete and responsive.  They were simply not the answers that counsel for the Trustee wanted to hear.

**B.     The Motion for Protective Order, the Adversary Proceeding, and the Motion for Continuance and Response in Opposition to Motion for Protective Order**

11.     The same day that the Trustee terminated Mr. Tein's deposition, June 1, Lewis Tein filed a motion for protective order.  (*See* DE 1555.)

12.     On June 13, 2011, the Trustee filed a Complaint against Lewis Tein in the above-captioned adversary proceeding.

13.     The next day, the Trustee filed a Motion for Continuance of Hearing Scheduled for June 20, 2011 and Response in Opposition to Motion for Protective Order.  (*See* DE 1591.)

14.     Unfortunately, the Trustee's Motion contains a number of outrageous and false accusations with respect to Mr. Tein and the undersigned.  Those accusations are dealt with briefly below.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

C.      **The Trustee's Demand for Additional Depositions**

15.      On June 17, 2011, the Trustee's counsel sent an email to counsel for Lewis Tein, attaching a copy of an Amended Complaint, and requesting deposition dates for additional depositions of Mr. Lewis and Mr. Tein.  The Trustee's counsel also stated his intention to take the depositions either at the courthouse or before a special master.

## III.      DISCUSSION

There was no "orchestration" and no "filibustering" at either Mr. Lewis' or Mr. Tein's deposition which would justify another round of depositions.  The Trustee had a full and fair opportunity to depose both Defendants; if he is dissatisfied with the answers that he received, that is a reflection on the strength of his case, not on the responsiveness of the witnesses.  Most respectfully, Lewis Tein asks this Court for relief.  The Trustee has already forced Mr. Lewis and Mr. Tein to spend a great deal of time and money in retaining counsel, preparing for and attending these now four-time-cancelled depositions, as well as in responding to subpoenas and motion practice.  They have attempted to comply in good faith at every turn.  At most, then, the Trustee should be limited to the time remaining for his deposition pursuant to Fed. R. Civ. P. 30(d): three hours for Mr. Lewis and two hours for Mr. Tein.  *See* Rule 30(d) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.").

Certainly, the extraordinary remedy of a special-master or a deposition at the courthouse is not remotely necessary.  Rather, given the propensity of the Trustee's counsel to cancel depositions on short notice and terminate them halfway-through, the depositions should be conducted at the offices of Lewis Tein.  This will help minimize harassment of the witnesses by the Trustee's counsel while encouraging expeditious resolution of the depositions.

6

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

And, to the extent that Lewis Tein needs to respond to the scurrilous and false allegations in the Trustee's Motion for Continuance  – which are truly undeserving of any substantive response – let it suffice to say that the transcript and the videotapes of Michael Tein's deposition do not reflect any of the conduct alleged in the Trustee's motion at footnote 2.  In fact, there is nary a mention in the record of anything even closely resembling what the Trustee alleges occurred; Trustee's counsel's failure to even mention this "off-the-record" conduct at any time during the six-hour deposition, or at any time thereafter (until responding to Lewis Tein's Motion), speaks for itself.[1]  If Mr. Tein had indeed done anything of the sort alleged by the Trustee's counsel, the Trustee's counsel would have done any or all of the following: (a) immediately terminated the deposition; (b) called the police; (c) kicked Mr. Tein and his lawyer out of his office; (d) responded in kind; (e) recited the alleged "off-record" conduct on the record as soon as the deposition resumed; (f) immediately after the deposition, sent emails to Lewis Tein  complaining about the conduct;  (g) filed a motion for sanctions; or (h) filed a bar complaint.  Of course, he did none of these things.  Rather, he chose to make backhanded, false, and inflammatory allegations in the footnote of a procedural pleading, in an obvious effort to prejudice the Court against Lewis Tein.

What should be noted, of course, is that the Trustee terminated the deposition not because of the conduct of Mr. Tein or his counsel, but out of frustration with his inability to get the answers he

---

[1]    As mentioned above, the Trustee's counsel even called the Court during the deposition to complain about Mr. Tein's answers and his counsel's defense of the deposition.  He did not make any reference to any inappropriate conduct during that call: "[MR. MILLER:] But the point where we decided that it -- it reached a point where we asked to get you on the phone -- we already suggested, unsuccessfully, a special master -- was the speaking objections from Mr. Brodsky continued after a few admonitions that they cease and the witness refuses to give directly responsive answers to questions and insists on engaging in an approach that provides filibusters . . . ." (Transcript at 90:17-25.)

7

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

wanted in order to gather evidence that was and is lacking in support of his frivolous claims against Lewis Tein. Lewis Tein asks the Court to keep this in mind in considering their renewed motion for protective order. The law firm and its lawyers have been nothing but forthcoming with the Trustee throughout this entire process. For the reasons discussed above, that cooperation should have limits girded by the Federal Rules of Civil Procedure.

**WHEREFORE**, Lewis Tein respectfully requests that this Court grant it protection from further 2004 examinations unless and until the Trustee can establish a good-faith basis for conducting them.

COFFEY BURLINGTON, P.L.

By: */s/ Benjamin H. Brodsky*
      Kendall B. Coffey – FBN 259861
      kcoffey@coffeyburlington.com
      Benjamin H. Brodsky – FBN 73748
      bbrodsky@coffeyburlington.com
      2699 South Bayshore Drive, Penthouse
      Miami, Florida 33133
      (305) 858-2900 Telephone
      *Attorneys for Lewis Tein, P.L. and LT Nautical LLC*

      -and-

      Guy A. Lewis – FBN 623740
      glewis@lewistein.com
      Michael R. Tein – FBN 993522
      mtein@lewistein.com
      Lewis Tein, P.L.
      3059 Grand Avenue, Suite 340
      Coconut Grove, Florida 33133
      (305) 442-1101 Telephone

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.  Additionally, the document has been served via U.S. Mail to the parties listed below.

**Capitol Investments USA, Inc.**
**c/o Kevin K Shapiro**
*Debtors,*
Hudson County Correctional Ctr
35 Hackensack Ave
South Kearmy, NJ 07032

**Gary M Freedman, Esq**
*Debtors' counsel*
14 NE 1 Ave PH
Miami, FL 33132

**Trustee**
Joel L Tabas
14 NE 1 Ave PH
Miami, FL 33132

**U.S. Trustee**
**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

*/s/ Benjamin H. Brodsky*
Benjamin H. Brodsky

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com