UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                             Case No. 09-36408-BKC-LMI
CAPITOL INVESTMENTS USA, INC.,                     (Substantively Consolidated)[1]
and NEVIN KAREY SHAPIRO,                           Case No. 09-36418-BKC-LMI
                                                   (Jointly Administered under
                                                   Case No. 09-36408-BKC-LMI)

        Debtors.                                   Chapter 7
_____/

### TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY WITH MIRIAM MENOSCAL AND MISUCO INTERNATIONAL, INC.

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Substantively Consolidated Bankruptcy Estates of Capitol Investments USA, Inc., JAT Wholesale, Inc. and Pink Panther Enterprises, LLC and the jointly administered Estate of Nevin Karey Shapiro ("Trustee"), through counsel, moves this Court pursuant to Rule 9019 Fed. R. Bankr. P. and Local Rule 9013-1(D), for the entry of an order authorizing the compromise and settlement with Miriam Menoscal ("Menoscal") and Misuco International, Inc. ("Misuco") (Menoscal and Misuco shall be collectively referred to as the "Menoscal Parties," and the Menoscal Parties and the Trustee shall be collectively referred to as the "Settling Parties"), and as good cause for same, states as follows:

### Background

1.      On November 30, 2009, involuntary Chapter 7 bankruptcy petitions were filed against Capitol Investments USA, Inc. ("Capitol") and Nevin Karey Shapiro ("Shapiro").

---

[1]     The last four digits of the taxpayers identification numbers for each consolidated Debtor follow in parentheses: Ocean Rock Enterprises, Inc. (3272), JAT Wholesale, Inc. (7903), and Pink Panther Enterprises, LLC (5240).

Subsequently, Joel L. Tabas was appointed as interim Trustee and later appointed the standing Trustee in the cases.

2.     On December 19, 2009, this Court entered an Order Authorizing Employment of Tabas, Freedman, Soloff, Miller & Brown, P.A. ("Tabas Freedman") as Counsel to the Trustee (the "Employment Order") [ECF 21].

3.     On December 30, 2009, this Court entered its Orders for Relief in Involuntary Case and Setting Deadline for Filing Schedules, Statement of Financial Affairs and Other Documents (the "Orders for Relief") [Case No. 09-36408, ECF 24; Case No. 09-36418, ECF 35].

4.     On August 2, 2010, the Court entered a final judgment consolidating Ocean Rock Enterprises, Inc.'s ("Ocean Rock") assets and liabilities with the Capitol bankruptcy estates. *See* Case No. 10-3131-BKC-LMI, ECF 8.

5.     The Trustee made demand (the "Demand") on the Menoscal Parties seeking to avoid and recover monies the Menoscal Parties received from the Debtors which the Trustee asserts were fraudulent transfers as provided by Section 544 and 548 of the Bankruptcy Code and Sections 726.105 and 726.106 of the Florida Statutes (the "Transfers") and therefore recoverable by the Trustee pursuant to Section 550 of the Bankruptcy Code and Sections 726.108 and 726.109 of the Florida Statutes.

6.     The Menoscal Parties asserted certain defenses to the claims asserted by the Trustee (the "Defenses"). In addition, the Menoscal Parties have asserted that even if the Trustee is successful in avoiding the Transfers, their financial situation has significantly deteriorated since their receipt of the Transfers. As a material inducement to the Trustee's entry into the Stipulation, the Menoscal Parties have provided the Trustee with sworn financials under penalty of perjury setting forth the current financial condition of the Menoscal Parties (the "Sworn Financials").

2

7.      In light of the information provided by the Menoscal Parties including  a review of the Defenses and the Sworn Financials, the Settling Parties have agreed to settle the claims asserted by the Trustee on the terms and conditions set forth in the Stipulation.

8.      In view of the cost of trying this matter to conclusion and the risks associated therein based upon the Defenses and the Sworn Financials, the Trustee believes that the following settlement of the claims asserted by the Trustee is in the best interest of the Debtors' creditors, and, accordingly, has entered into a Stipulation to Compromise Controversy (the "Stipulation"), a true and correct copy of which is attached hereto as Exhibit "1" and incorporated by reference.

### The Proposed Settlement[2]

9.      The releases provided in this Paragraph shall be effective upon the entry of the Final Settlement Order (the "Release Date").

> A.      The Estates, through the Trustee, on behalf of itself or himself and its or his respective predecessors, successors, heirs, assigns and all persons and entities on whose behalf it or he has asserted or could have asserted any claims shall forever release and relinquish any and all Claims it may have against each of the Menoscal Parties that: (i) were alleged in the Demand and (ii) relate to or arise from the transactions and occurrences alleged in the Demand or involve the Transfers.

> B.      The Menoscal Parties, their predecessors, successors, heirs, assigns, beneficiaries, trustees and all persons and entities on whose behalf they have asserted or could have asserted any claims shall forever release and relinquish the Trustee and the Estates as well as their respective agents and attorneys of and from any and all Claims in connection with, arising out of or in any way involving, directly or indirectly with the Debtors' bankruptcy case.

10.     The Menoscal Parties Proofs of Claim.  Misuco's Claim Number 64-1 filed in the Capitol bankruptcy estate and Misuco's Claim Number 24-1 filed in the Shapiro bankruptcy estate shall be deemed stricken and disallowed in their entirety (the "Stricken Claims").

---

[2]  The following is only a summary of the terms of the settlement.  The terms of the Stipulation control and all interested parties are urged to review same.

11.    Menoscal Cooperation.  Menoscal agrees to meet with Trustee's counsel on or before January 5, 2012, in order to provide full and candid disclosure of other parties' dealings with the Debtors and to further meetings as reasonably requested by the Trustee.  In addition, Menoscal agrees to sit for deposition in any litigation matter brought by the Trustee, upon reasonable notice.

A.    Menoscal and the Trustee share a commonality of interest and such it is the intent of Menoscal and the Trustee that the contents of any disclosures by Menoscal to the Trustee shall be deemed confidential and privileged settlement discussions and subject to the attorney client and work produce privileges.  Any and all materials will be labeled Privileged Materials and shall not be disseminated; and

B.    Menoscal agrees that in the event the Trustee requests that a sworn statement be provided as part of any Trustee investigation or litigation brought by the Trustee, that Menoscal agrees to give said sworn statement.  Said sworn statement shall likewise be deemed made pursuant to and as part of confidential and privileged settlement discussions, and shall be subject to attorney client and work product privileges.  However, the Trustee, is permitted to utilize said sworn statements as needed (collectively, the "Menoscal Conditions Subsequent").

### Legal Standard for Settlement

12.    The Trustee recommends approval of the settlement because it is fair and reasonable, falls within the range of possible litigation outcomes, and is in the best interest of the Estates because full settlement precludes any risks associated with litigation in this matter.

13.    Bankruptcy Rule 9019(a) provides:  "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[3]

---

[3]  Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

14.     As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (internal citations omitted).

15.     The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (internal citations omitted).

16.     According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a)     the probability of success in the litigation;
> (b)     the difficulties, if any, to be encountered in the matter of collection;
> (c)     the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d)     the paramount interest of the creditors and a proper deference to their reasonable views in the premises

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990).

17.     The Trustee believes that the proposed settlement meets the standards set forth in In re Justice Oaks II, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estates:

> (i)     Settlement precludes any risks associated with complex litigation - the Menoscal Parties have defended the claims asserted by the Trustee.
> (ii)    The Trustee is uncertain as to the ability to collect on any judgment.
> (iii)   This settlement increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.
> (iv)    Finally, the Trustee believes, in his business judgment that the settlement is in the best interest of creditors.

18.     Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "2."

Case No. 09-36408-BKC-LMI
Case No. 09-36418-BKC-LMI

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee for the Estates respectfully requests this Court enter an Order (1) granting the instant Motion, (2) approving the Stipulation, and (3) granting such other and further relief as this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true copy of the foregoing was served this 8th day of December, 2011, by E-Mail to: **Miraim Menoscal** (misuco4u@aol.com); and via electronic transmission to all parties on the attached Electronic Mail Notice List and via first class U.S. Mail upon all parties on the attached Service Notice List.

Respectfully submitted,

/s/ Gary M. Freedman
Gary M. Freedman
Florida Bar No.: 727260
Andrea L. Rigali
Florida Bar No.: 42015
Tabas, Freedman, Soloff, Miller & Brown, P.A.
*Attorneys for Joel L. Tabas, Trustee*
14 Northeast First Avenue, Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
E-mail: gary@tabasfreedman.com
E-mail: andrea@tabasfreedman.com

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          Case No. 09-36408-BKC-LMI
CAPITOL INVESTMENTS USA, INC.,                (Substantively Consolidated)[1]
and NEVIN KAREY SHAPIRO,                           Case No. 09-36418-BKC-LMI
                                                                      Case No. 09-36408-BKC-LMI)
_____ Debtors. _____/      Chapter 7

## STIPULATION TO COMPROMISE CONTROVERSY WITH
## MIRIAM MENOSCAL AND MISUCO INTERNATIONAL, INC.

This Stipulation to Compromise Controversy with Miriam Menoscal and Miscuco International, Inc. ("the Stipulation") is entered into by and between Joel L. Tabas, as Chapter 7 Trustee (the "Trustee") of the substantively consolidated bankruptcy estates of Capitol Investments USA, Inc., JAT Wholesale, Inc. and Pink Panther Enterprise, LLC and Nevin K. Shapiro's jointly administered bankruptcy estate (the "Debtors") and Miriam Menoscal ("Menoscal") and Misuco International, Inc. ("Misuco," and together with Menoscal, collectively the "Menoscal Parties") (the Trustee and the Menoscal Parties shall hereinafter be collectively referred to as the "Settling Parties").

## RECITALS

WHEREAS, on November 30, 2009, an involuntary Chapter 7 bankruptcy petition was filed against Capitol Investments USA, Inc. ("Capitol");

WHEREAS, on December 30, 2009, this Court entered its Order for Relief in Involuntary Case and Setting Deadline for Filing Schedules, Statement of Financial Affairs and Other Documents (the "Order for Relief") [ECF 35];

WHEREAS, on April 22, 2010, Joel L. Tabas was appointed Chapter 7 Trustee;

WHEREAS, on June 8, 2010, the Trustee filed a Complaint for Substantive

---

[1]  The last four digits of the taxpayers identification numbers for each consolidated Debtor follow in parentheses: Ocean Rock Enterprises, Inc. (3272), JAT Wholesale, Inc. (7903), and Pink Panther Enterprises, LLC (5240).


EXHIBIT "1"

Consolidation against Ocean Rock Enterprises, Inc. ("ORE"), JAT Wholesale, Inc. ("JAT") and Pink Panther Enterprise, LLC ("PPE");

WHEREAS, on August 2, 2010, a Default Final Judgment was entered against ORE, JAT and PPE substantively consolidating these entities with the Capitol Estates, *nunc pro tunc* to November 30, 2009, for all purposes, including those other purposes set forth in the Default Final Judgment [Adv. Case No. 10-3131-LMI, ECF 8];

WHEREAS, the Trustee made demand (the "Demand") on the Menoscal Parties seeking to avoid and recover monies the Menoscal Parties received from the Debtors which the Trustee asserts were fraudulent transfers as provided by Sections 544 and 548 of the Bankruptcy Code and Sections 726.105 and 726.106 of the Florida Statutes (the "Transfers"), and therefore recoverable by the Trustee pursuant to Section 550 of the Bankruptcy Code and Sections 726.108 and 726.109 of the Florida Statutes;

WHEREAS, the Menoscal Parties have asserted certain defenses to the claims asserted by the Trustee (the "Defenses");

WHEREAS, the Menoscal Parties have also asserted that even if the Trustee is successful in avoiding the Transfers, their financial situation has significantly deteriorated since their receipt of the Transfers.   Accordingly, as a material inducement to the Trustee's entry into this Stipulation, the Menoscal Parties have provided the Trustee sworn financials under penalty of perjury setting forth the current financial condition of the Menoscal Parties which reflects that the Menoscal Parties have minimal assets to pay a judgment if the Trustee is successful in avoiding the Transfers (the "Sworn Financials");

WHEREAS, in light of the information provided by the Menoscal Parties including a review of the Defenses and the Sworn Financials, the Settling Parties have agreed to settle the claims asserted by the Trustee on the terms and conditions set forth herein.

2

### Settlement

**NOW, THEREFORE,** in consideration of the foregoing, the mutual covenants and considerations set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Settling Parties agree to the following terms and conditions:

1.     Recitals Incorporated.   The Recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2.     Definitions.   For purposes of this Stipulation:

A.     "Claim" means all actual and potential claims, cross-claims, counter-claims, third-party claims, demands, damages, interest, actions, liabilities, debts, liens, charges, obligations, causes of action, penalties, sanctions, right to indemnification, rights to attorneys' fees, right to costs, rights to expenses, rights to expert fees, and rights to injunctive relief.

B.     "Effective Date" means December ____, 2011.

C.     "Estates" means the bankruptcy estates of Capitol Investments USA, Inc. ("Capitol"), Nevin K. Shapiro ("Shapiro"), Ocean Rock Enterprises, Inc. ("Ocean Rock"), JAT Wholesale, Inc. ("JAT") and Pink Panther Enterprises, LLC ("Pink Panther").

D.     The singular shall include the plural and *vice versa.*

3.     Conditions Precedent.   The Settling Parties agree that the enforceability of this Stipulation is subject to the Bankruptcy Court entering an order approving the settlement (the "Settlement Order") as set forth in this Stipulation and such order becoming final (the "Final Settlement Order").   In the event that the Bankruptcy Court approves this Stipulation but a timely appeal is taken therefrom, there is no Final Settlement Order until the appeal has been resolved with finality and the Bankruptcy Court's approval of this Stipulation has been

3

affirmed by a final ruling of any reviewing court from which no further appeal is taken.   In the Settlement Order, the Bankruptcy Court shall:

        A.      approve this Stipulation;

        B.      authorize the Settling Parties to mutually release each other from the claims being released under this Stipulation, as set forth in Paragraph 6 of this Stipulation; and

        C.      disallowing any and all proofs of claims filed by the Menoscal Parties as set forth in Paragraph 7 of this Stipulation;

    4.    <u>Bankruptcy Court Approval</u>.   Within five (5) business days after the Effective Date of this Stipulation, the Trustee shall file a motion in the Bankruptcy Court for the entry of an order approving this Stipulation.

    5.    <u>Conditions Subsequent to Non-Entry of Final Settlement Order</u>.   In the event this Stipulation is not approved by the Bankruptcy Court or any appeal of a Bankruptcy Court order approving this Stipulation results in a ruling that does not affirm the Bankruptcy Court's approval, this Stipulation shall be deemed null and void, including the releases set forth in Paragraph 6 of this Stipulation.

    6.    <u>Releases</u>.   The releases provided in this paragraph shall be effective upon the entry of the Final Settlement Order (the "Release Date").

        A.      The Estates, through the Trustee, on behalf of itself or himself and its or his respective predecessors, successors, heirs, assigns and all persons and entities on whose behalf it or he has asserted or could have asserted any claims shall forever release and relinquish any and all Claims it may have against each of the Menoscal Parties that: (i) were alleged in the Demand and (ii) relate to or arise from the transactions and occurrences alleged in the Demand or involve the Transfers.

4

CASE NO. 09-36408-BKC-LMI
CASE NO. 09-36418-BKC-LMI

B.      The Menoscal Parties, their predecessors, successors, heirs, assigns, beneficiaries, trustees and all persons and entities on whose behalf they have asserted or could have asserted any claims shall forever release and relinquish the Trustee and the Estates as well as their respective agents and attorneys of and from any and all Claims in connection with, arising out of or in any way involving, directly or indirectly with the Debtors' bankruptcy case.

7.      The Menoscal Parties Proofs of Claim.   Misuco's Claim Number 64-1 filed in the Capitol bankruptcy estate and Misuco's Claim Number 24-1 filed in the Shapiro bankruptcy estate shall be deemed stricken and disallowed in their entirety (the "Stricken Claims").

8.      Menoscal Cooperation.   Menoscal agrees to meet with Trustee's counsel on or before January 5, 2012, in order to provide full and candid disclosure of other parties' dealings with the Debtors and to further meetings as reasonably requested by the Trustee. In addition, Menoscal agrees to sit for deposition in any litigation matter brought by the Trustee, upon reasonable notice.

A.      Menoscal and the Trustee share a commonality of interest and such it is the intent of Menoscal and the Trustee that the contents of any disclosures by Menoscal to the Trustee shall be deemed confidential and privileged settlement discussions and subject to the attorney client and work produce privileges.   Any and all materials will be labeled Privileged Materials and shall not be disseminated; and

B.      Menoscal agrees that in the event the Trustee requests that a sworn statement be provided as part of any Trustee investigation or litigation brought by the Trustee, that Menoscal agrees to give said sworn statement.   Said sworn statement shall likewise be deemed made pursuant to and as part of confidential and privileged settlement discussions,

and shall be subject to attorney client and work product privileges.   However, the Trustee, is permitted to utilize said sworn statements as needed (collectively, the "Menoscal Conditions Subsequent").

9.    **TOLLING AGREEMENT:** The parties believe that it is in their best interests, at the present time, to defer or avoid potential litigation between them in light of this Stipulation that needs to be approved by the Court, and according, agree to incorporate the following tolling agreement (the "Tolling Agreement") into this Stipulation:

A.    If, after the date of this Stipulation, the Trustee files any action against the Menoscal Parties including any action under the common law or state or federal statutes, including but not limited to 11 U.S.C. §§ 544, 545, 547, 548 or 553, the Menoscal Parties and the Trustee agree that the statute of limitations, other time limitations and any other defenses that may be asserted by the Menoscal Parties relating to time, whether statutory, equitable, contractual, or otherwise, shall be tolled from December 30, 2011 until March 31, 2012 ("the Tolling Period").   No time that elapses during the Tolling Period may be asserted or relied upon by any party to this Stipulation in computing running of time for purposes of any statute of limitations, laches, or other time limitation or defense with respect to any such claim, action or complaint.

B.    Nothing in this Tolling Agreement shall revive any claim, action, suit, demand or cross demand or defense that is or would be barred as of December 30, 2011, and nothing herein shall waive any claims or defenses any party hereto may have as of such date.

C.    This Tolling Agreement is not, and shall not be construed to be, an admission or indication that (i) any party hereto bears or does not bear any actual or potential liability to any other person (whether or not a party to this Tolling Agreement) on any claim, action or complaint whatsoever or (ii) that there is any wrongdoing of any nature by either

party or any element or basis for any claim against party. This Tolling Agreement may not be used or admissible for any purpose other than the tolling of any time period as set out above.

   D.  Except as specifically provided herein, this Tolling Agreement shall not be deemed to constitute a waiver of any rights, claims or defenses of any party hereto as against any other individual, corporation, partnership or other entity not a party to this Stipulation.

   E.  This Tolling Agreement shall terminate on March 31, 2012.

   F.  This Tolling Agreement is an integrated agreement containing all the terms agreed upon by the parties with respect to this Tolling Agreement.   Except as may be expressly provided herein, this Tolling Agreement supersedes all prior and contemporaneous oral or written statements, representations and agreements concerning the subject matter of this Tolling Agreement, and it may not be amended except by a writing executed by all the parties hereto.   Notwithstanding the forgoing, nothing herein shall affect the validity or enforceability of any Tolling Agreements previously entered into by the parties hereto.

   G.  This Tolling Agreement is effective as of the Effective Date and is not subject to Bankruptcy Court approval and shall be a binding and effective agreement between the Settling Parties.   Should this Stipulation not be approved by the Bankruptcy Court, this Tolling Agreement shall still be valid and enforceable.

  10.  <u>Cooperation</u>.   The Settling Parties shall execute any and all documents necessary to effectuate the settlement herein described.

  11.  <u>Best Efforts</u>. As set forth in Paragraph 4 of this Stipulation, the Trustee agrees to file a motion in the Bankruptcy Court for approval of this Stipulation.   The Settling Parties' counsel shall use their best efforts to cause the Bankruptcy Court to approve this Stipulation and to effectuate the terms and conditions of the settlement as set forth herein.   None of the

Settling Parties shall take any action to frustrate the purpose of this Stipulation or court-approval of this Stipulation.

12.  Notices.  All transmitted notices to be sent, and information to be provided under this Stipulation shall be sent to the following addresses:

> A.  For the Trustee:
> Gary M. Freedman
> Tabas, Freedman, Soloff, Miller & Brown, P.A.
> One Flagler Building
> 14 Northeast First Avenue, Penthouse
> Miami, FL 33132
> Tel: (305) 375-8171
> Fax: (305) 381-7708
> Email: gary@tabasfreedman.com

> B.  For the Menoscal Parties:
> Miriam Menoscal
> 903 W. 46th Street
> Miami Beach, FL 33140
> Tel: (305) 849-1501
> Email: misuco4u@aol.com

13.  Counter-Parts.  This Stipulation may be executed in counterparts, with each electronically transmitted copy of an executed counterpart taken as a whole constituting the original.

14.  Costs, Expenses, and Attorneys' Fees.

> A.  The Settling Parties hereto and their counsel acknowledge and agree that each Party is to bear its own costs, expenses, and attorneys' fees arising out of, or connected with, or related to its respective prosecution or defense of the claims asserted by the Trustee or that could have been brought in relation to the Transfers, as well as those costs, expenses, and attorneys' fees incurred in connection with drafting, finalizing and obtaining Bankruptcy Court approval of this Stipulation.

> B.  Enforcement of this Stipulation.   In the event that it is necessary for any Party to undertake any action to enforce the terms of this Stipulation, the prevailing Party shall

8

be entitled to recover its reasonable attorneys' fees and costs incurred in enforcing its rights under this Stipulation from any non-prevailing party in that action.

15.     Acknowledgement.    This Stipulation was executed after good faith arm's-length negotiations between the Settling Parties, and reflects the conclusion of the Settling Parties that this Stipulation provides a fair and reasonable resolution of the Claims released as set forth in Paragraph 6 above.

16.     Choice of Law.    This Stipulation shall be governed by, construed, and enforced in accordance with the laws of the State of Florida, without regard to conflict of law principles.

17.     Neutral Interpretation.    In the event any dispute arises among the Settling Parties regarding the interpretation of this Stipulation, all Settling Parties shall be considered collectively to be the drafter of this Stipulation and any rule of construction to the effect that ambiguities are to be resolved against the drafter shall be inapplicable.

18.     Binding Effect. This Stipulation shall be binding upon and inure to the benefit of the Settling Parties and their respective successors and assigns.

19.     Assignability.    This Stipulation may not be assigned by any Party to any other person or entity without the prior written Stipulation of each of the other Settling Parties.

20.     Other Stipulations/Amendments.    No waiver, modification or amendment of the terms of this Stipulation shall be valid or binding unless made in writing, signed by the Party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

21.     Entire Stipulation.    This Stipulation constitutes the entire agreement of the Settling Parties as to the subject matter addressed herein.   The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any

way restrict this Stipulation, and that all prior agreements or understandings within the scope of the subject matter of this Stipulation are, upon the execution and delivery of this Stipulation, superseded, null, and void.

22.     _Waiver of Conditions_.   To the extent that they are not otherwise required by law, any or all of the conditions for making this Stipulation effective may be waived by written Stipulation of the Settling Parties.   However, the Stipulation to waive any condition or to waive a condition in any particular instance shall not be construed as an agreement to waive any other condition or to waive a condition in any other instance.

23.     _Bankruptcy Court's Retention of Jurisdiction_. The Bankruptcy Court shall retain jurisdiction over the Settling Parties, subject matter, interpretation, effectuation, and enforcement of the terms of this Stipulation.

24.     _Divisions and Headings_. The division of this Stipulation into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Stipulation.

*[Signatures on following page]*

CASE NO. 09-36408-BKC-LMI
CASE NO. 09-36418-BKC-LMI

Dated this ___8___ day of December, 2011

Miriam Menoscal

_____

Misuco International, Inc.

Title: _____President_____

By: _____MIRIAM J. MENOSCAL_____

Dated this ___8___ day of December, 2011

Joel L. Tabas, as Trustee of the
Bankruptcy Estates of Capitol Investments
USA, Inc., Pink Panther Enterprises, LLC,
JAT Wholesale, Inc., Ocean Rock
Enterprises, Inc. and Nevin K. Shapiro

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              Case No. 09-36408-BKC-LMI
CAPITOL INVESTMENTS USA, INC.,                      (Substantively Consolidated)[1]
and NEVIN KAREY SHAPIRO,                            Case No.09-36418-BKC-LMI
                                                    (Jointly Administered under
                                                    Case No. 09-36408-BKC-LMI)
Debtors.
                                                    Chapter 7

_____/

### ORDER GRANTING MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY WITH MIRIAM MENOSCAL AND MISUCO INTERNATIONL, INC.

**THIS CAUSE** came before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation to Compromise Controversy with Miriam Menoscal and Misuco International, Inc. (the "Menoscal Parties") (the "Motion") [ECF      ], and this Court, having reviewed the Motion and the Certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this bankruptcy estates, finding that the notice of the proposed settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is

_____

[1] The last four digits of the taxpayers identification numbers for each consolidated Debtor follow in parentheses: Ocean Rock Enterprises, Inc. (3272), JAT Wholesale, Inc. (7903), and Pink Panther Enterprises, LLC (5240).

EXHIBIT "2"

CASE NO. 09-36408-BKC-LMI
CASE NO. 09-36418-BKC-LMI

**ORDERED** as follows:

1.      The Motion is granted.

2.      The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion.

3.      The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce same.

### 

Submitted By:

Andrea L. Rigali
Tabas, Freedman, Soloff, Miller & Brown, P.A.
Attorneys for Joel L. Tabas, Trustee
14 N.E. First Avenue, Penthouse
Miami, FL 33132
Telephone No. (305) 375-8171
Facsimile No. (305) 381-7708
andrea@tabasfreedman.com

Copy furnished to:
Andrea L. Rigali
Andrea L. Rigali is hereby directed to serve copies of this Order on all interested parties and to file a certificate of service.

# Mailing Information for Case 09-36408-LMI

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Joaquin J Alemany    joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- Eric N Assouline    ena@assoulineberlowe.com, ah@assoulineberlowe.com
- Douglas A Bates    dbates@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com
- Paul J. Battista    pbattista@gjb-law.com, gjbecf@gjb-law.com
- Christopher G Berga    cgb@lydeckerlaw.com, gh@lydeckerlaw.com
- Jeffrey W. Blacher    jblacher@blacherlaw.com
- Benjamin H Brodsky    bbrodsky@coffeyburlington.com, drichardson@coffeyburlington.com;service@coffeyburlington.com
- Gary M Carman    gary.carman@gray-robinson.com, barbara.rodriguez@gray-robinson.com
- Francis L. Carter    flc@katzbarron.com, lcf@katzbarron.com
- David S Catuogno    dcatuogno@formanlaw.com
- Miguel M Cordano    mc@lgplaw.com,
  mra@lgplaw.com;fpc@lgplaw.com;jlg@lgplaw.com;rb@lgplaw.com;mbl@lgplaw.com;mds@lgplaw.com;mg@lgplaw.com;lbr@lgplaw.com;jrl@lgplaw.com
- Andrew C Deweese    , ad@lydeckerdiaz.com
- Drew M Dillworth    ddillworth@stearnsweaver.com, marocha@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- John D Eaton    jeaton@rascoklock.com, ogonzalez@rascoklock.com;nsingh@rascoklock.com
- Bertis A Echols    bert.echols@thehalelawgroup.com, ben.elvert@thehalelawgroup.com;sharri.bruce@thehalelawgroup.com
- Jonathan S. Feldman    jfeldman@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Lara R Fernandez    lrfernandez@trenam.com, lkfloyd@trenam.com
- Gary M Freedman    gfreedman@tabasfreedman.com, jackie@tabasfreedman.com;lise@tabasfreedman.com
- Michael I Goldberg    michael.goldberg@akerman.com, charlene.cerda@akerman.com
- Jeffrey B Greenspan    jeff.greenspan@mbtlaw.com
- Jeffrey A Hokanson    jhokanson@fbtlaw.com, dbricker@fbtlaw.com
- Linda W Jackson    linda.Jackson@IZHMLAW.COM, karina.dominguez@InfanteZumpano.com;kevin.cabrera@InfanteZumpano.com
- Richard A Johnston    richard.johnston@fowlerwhite.com, cynthia.ferguson@fowlerwhite.com;ann.greulich@fowlerwhite.com;pgiordano@fowlerwhite.com
- Kenneth M Jones    kjones@moodyjones.com
- John W. Kozyak    jk@kttlaw.com, ycc@kttlaw.com
- Jeffrey T. Kucera    jeffrey.kucera@klgates.com, maxine.lewis@klgates.com;;miamidocketing@klgates.com
- Thomas R. Lehman    trl@llklaw.com, jmh@llklaw.com;esf@llklaw.com;cag@llklaw.com
- David Hywel Leonard    hleonard@carltonfields.com, lrodriguez@carltonfields.com;tpaecf@cfdom.net
- Joan M Levit    joan.levit@akerman.com, charlene.cerda@akerman.com
- David B Marks    brett.marks@akerman.com, charlene.cerda@akerman.com
- Paul J McMahon    pjm@pjmlawmiami.com
- Miami-Dade County Tax Collector    mdtcbkc@miamidade.gov
- Robert B Miller    rmiller@tabasfreedman.com, aida@tabasfreedman.com
- Barry E. Mukamal    bankruptcy@marcumllp.com
- Kenneth D Murena    kmurena@dvllp.com, jserna@dvllp.com
- Ronald G Neiwirth    rneiwirth@boyd-jenerette.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Paul L. Orshan    plorshan@orshanpa.com, maria@orshanpa.com
- Kristopher E Pearson    kpearson@stearnsweaver.com, mmasvidal@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- Heather L. Ries    hries@foxrothschild.com, mbird@foxrothschild.com
- Andrea L Rigali    arigali@tabasfreedman.com, Jcepero@tabasfreedman.com;mcampbell@tabasfreedman.com
- Luis E Rivera II    luis.rivera@henlaw.com
- Mark S Roher    mroher@tabasfreedman.com, diana@tabasfreedman.com
- David L Rosendorf    dlr@kttlaw.com, rcp@kttlaw.com;CWT@kttlaw.com;ycc@kttlaw.com
- Gary J. Rotella    rotellagar@aol.com
- Steven H. Rothstein    steverothstein@miamibeachfl.gov
- Michael L Schuster    mschuster@gjb-law.com, gjbecf@gjb-law.com
- Theodore F Smith    tsmith@tedsmithlaw.com
- Aaron L Swimmer    als@swimmerlawassociates.com
- Joel L Tabas    jtabas@tabasfreedman.com, karen@tabasfreedman.com;rdecker@tabasfreedman.com;francis@tabasfreedman.com
- Joel L Tabas    JLT@tfsmlaw.com, jtabas@ecf.epiqsystems.com;nancy@tfsmlaw.com;scott@tfsmlaw.com
- Frank Terzo    frank.terzo@gray-robinson.com, lnegron@gray-robinson.com;jennifer.phillips@gray-robinson.com
- Charles W Throckmorton    cwt@kttlaw.com, lf@kttlaw.com
- Peter F. Valori    pvalori@dvllp.com, spitta@dvllp.com
- Theodore R Walters    twalters@cl-law.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Charles W Brown
5864 S. East Street
Indianapolis, IN 46227

Craig A Bryan
Bryan, Bradley & Williams, LLC
3003 Tamiami Trail North #210
Naples, FL 34103

Jack J Carriglio
Jeffrey B. Greenspan
Eric E. Newman
123 N Wacker Dr #1800
Chicago, IL 60606

Mitchell A. Dinkin
Koenig & Dinkin
3960 Hypoluxo Rd.,  Suite 202
Boynton Beach, FL  33436

Mark A Drummond
Rachel L Hazaray
101 W Ohio St #2100
Indianapolis, IN 46204

Nelson Gonzalez
2515 Flamingo Drive
Miami Beach, FL 33410

Mary J. Hackett
225 Fifth Avenue
Pittsburgh, PA 15222

Michael A Hanson
2501 N Orient Rd #D
Tampa, FL 33619

David S Harris
6431 SW 39 St
Miami, FL 33155

Donald Hope
Donna Hope
12979 White Violet Drive
Naples, FL 34119

Jack Hulse
20922 Edgewater Drive
Noblesville, IN 46062

Jeannine DeRoy
135 Pier View Street, Unit 404
Charleston, SC  29492

Seth M. Kean
599 Lexington Ave, 22 Fl
New York, NY 10022

Sean P O'Connor
211 N Krome Ave
Homestead, FL 33030

Anila Rasul
8201 Peters Rd # 3000
Plantation, FL 33324

Bruce Rishty
353 W 47 St, PH-A
Miami Beach, FL 33140

Nancy Telese
PO Box 291
Palm Beach, FL 33480

Richard Johnston
P.O. Box  317
1240 Cedars Valley Dr.
St. Albans, MO  63073

Carl A. Howes
Vice Predisent Pachira Company
Newgate Tower
5150 North Tamiami Trail,  Suite 504
Naples, FL  34103

Capitol Investments USA, Inc.
Nevin Shapiro
c/o Maria Elena Perez PA
145 Madeira Ave.,  Suite 310
Coral Gables, FL  33134-4520

Allan H. Schwartz
Gail L. Schwartz
8846 NW 3rd Ct
Coral Springs, FL 33071-7404

BJS, LP
5150 North Tamiami Trail
Suite 504
Naples FL 34103-2822

Barry L. Alvarez and Cynthia A
Alvarez Revocable Trust
5822 Tree Line Drive
Madision, WI 53711-5828

Bayside Capital Management
151 Central Ave., Suite 200
Holland, MI 49423-2831

Ben Staler (Regent Inv. Co)
4101 Gulf Shore Blvd, Suite 9 North
Naples FL 34103-2903

Benjamin A. Stanziale, Jr., Trustee
c/o Forman Holt Eliades & Ravin LLC
80 Route 4 East - Suite 290
Paramus, NJ 07652-2661

Bradley Associates LTD
c/o Sherwin Jarol
111 E. Wacker, Suite 900
Chicago, IL 60601-4304

Bradley Associates Limited Partnership
111 East Wacker Dr #900
Chicago, IL 60601-3713

Bryan , Bradley Williams, LLC
3003 Tamiami Trail N
Naples FL 34103-2714

C. Alan Hernley
12445 Medalist Parkway
Carmel, In 46033-8933

Cap One
P.O Box 30285
Salt Lake City, UT 84130-0285

Carlton Fields PA
4000 Internatinoal Place
100 SE 2nd St
Miami, Florida 33131-2100

Charles W. Brown
5864 S East Street
Indianapolis, IN 46227-2018

Craig A Bryan
Bryan, Bradley & Williams, LLC
3003 Tamiami Trail North #210
Naples, FL 34103-2714

Cybur Investments, LLC
400 Arthur Godfrey Road
Miami Beach, FL 33140-3516

Dan DeRose
504 N Grand Ave
Pueblo, CO 81003-3113

Dave Birnbaum
149-40 14th Avenue
Whitestone, NY 11357-1730

Dave and Elizabeth Pitera
c/o Ricard M. Treiser, Esq.
Treiser Collins
3080 Tamiami Trail E.
Naples FL 34112-5715

David C. Rowe
81 Seagate Drive, Suite 1201
Naples, FL 34103-2485

David R. White
1936 Coco Plum Way
Naples FL 34105-3066

David White
c/o Alex R. Figares, Esq.
4001 Tamiami Trail North #300
Naples FL 34103-3556

Donald L. Hope
12979 White Violet Drive
Naples, FL 34119-8510

Donald L. Hope Donna J. Hope
c/o Richard M. Treiser, Esq.
Treiser Collins
3080 Tamiami Trail E.
Naples FL 34112-5715

Dr. John Russell Eastman
4901 WEIR DR.
Munice IN 47304-6135

Dr. John Russell Eastman
Indiana Trust and Investment Mgt. Co.
Trustee for John R. Eastman, IRA
315 West Adams St
Munice IN 47305-2304

First Financial Bank
POB 929
Columbus, IN 47202-0929

Fred Wilson
331 Burton Ave
Highpoint, NC 27262-8071

Fred Wilson
c/o Alex R. Figares, Esq.
4001 Tamiami Trail North #300
Naples FL 34103-3556

Gaye Mueller
455 Pennridge Dr.
Indianapolis, IN 46240-3033

Gemb/Chevron
4125 Windward Plz
Alpharetta, GA 30005-8738

George Garrett
6938 Kim Kres Court
Indianapolis, IN 46278-1586

Glenda Kauffman
9200 Carlyle Ave.
Surfside, FL 33154-3030

Greg Stake
799 Swanee Ct
Maitland, FL 32751-4582

Grocery Marketing, Inc.
601 N Congress Ave
Delray Beach, FL 33445-4621

Hyman B. Birnbaum
14 Woodstock Dr.
Farmington, MA 01701-3084

Hyman B. Birnbaum
149-40 14th Avenue
Whitestone, NY 11357-1730

Indiana Trust and Inv. Mgt. Co.,
Trustee for John R. Eastman, IRA
315 West Adams St
Munice IN 47305-2304

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia,  PA 19114-0326

Irwin Union Bank & Trust,
Trustee of the Stephen Hokanson IRA
500 Washington Street
PO Box 929
Columbus, IN 47202-0929

Irwin Union Bank & Trust,
Trustee of the Stephen Hokanson IRA
PO Box 929
Columbus, IN 47202-0929

Irwin Union Bank & Trust,
Trustee of the Susan Grinwis IRA
PO Box 929
Columbus, IN 47202-0929

Irwin Union Bank & Trust,
Trustee of the Susan Grinwis IRA
500 Washington Street
PO Box 929
Columbus, IN 47202-0929

Jack E. & Randa L. Hulse
20922 Edgewater Drive
Noblesville, IN 46062

Jack Williams
282 Mermaids Bite
Naples, FL 34103

James Meyers Investments, LLC
15226 Long Cove Blvd.
Carmel, IN 46033-8104

James R. Fisher
5643 Washington Blvd.
Indianapolis, IN 46220-3031

James Keys
809 91st Avenue North
Naples, FL 34108

Janet T. Sanders
8660 Vintner Court
Indianapolis, IN 46256-9377

John & Judy Spoelhof Foundation
151 Central Avenue, Suite 200
Holland, MI 49423-2831

John McGeeney Trust
Attention: Daniel Aguilar
225 Broadwy 5th Floor
San Diego, CA 92101-5005

John Russell Eastman
4901 Weir Dr.
Munice, IN 47304-6135

John S. Wright
655 Fairwell Drive
Madision, WI 53704-6029

John W. Spoelhof IRA
151 Central Avenue, Suite 200
Holland, MI 49423-2831

Jon E. Smith
4328 East St Rd 234
Greenfield, In 46140-9043

Joseph Amey
7320 Bosky Springs Street
Las Vegas NV 89131-4535

Marcia Huston
14 Woodstock Dr.
Framingham, MA 01701-3084

Basketball Properties Ltd
Miami Heat
ATTN: Eve Wright, Esq
601 Biscayne Blvd
Miami FL 33132-1801

Miami-Dade County
140 W. Flagler Street
Suite 1407
Miami, FL 33130-1561

Michael I. Schwartz
8846 NW 3rd Ct
Coral Springs, FL 33071-7404

Miriam Menoscal
903 W 46th St
Miami Beach, FL 33140-2901

Muscato Family
Muscato Family Limited Partnership
360 Forst Park Cir.
Longwood, FL 32779-5870

Nalini Charran
9443 Fontanebleau Blvd., Apt. 208
Miami, Florida 33172-5542

Naples New Fuel LLC
3003 Tamiami Trail No
Ste 210
Naples, Fl 34103-2714

Nelson Gonzalez
2515 Flamingo Drive
Miami Beach, FL 33140-4314

Capitol Investments USA, Inc.
Nevin Shapiro
c/o Maria Elena Perez PA
145 Madeira Ave Ste 310
Coral Gables, Florida 33134-4520

Peter R. Indovina
2816 N. Elm Lane
Arlington Heights IL 60004-2105

Philip DiCosola
4N494 Mountain Ash Dr.
Wayne, IL 60184-2415

Raymond Rotolo
5409 Fair Elms Ave
Western Springs IL 60558-1815

Residential Properties, LLC
3003 Tamiami Trail No
Ste 210
Naples, Fl 34103-2714

Richard Johnston
P.O. Box 317
1240 Cedars Valley Dr.
St. Albans, MO 63073

Richard Magnone
c/o AFC Insurance Agency
150 S. Bloomingdale Rd. #210
Bloomingdale IL 60108-1493

Richard P. Johnston
1240 Cedars Valley Dr
St. Albans, Mo 63073-1122

Richman Greer
Miami Center, Suite 1000
201 South Biscayne Blvd.
Miami, Florida 33131-4332

Robert A Haines Sr.
John A. Scarsella
c/o Cummings & Lockwood LLC
3001 Tamiami Trail North, Suite 300
Naples, FL 34103-4172

Robert A. Haines
3944 Miami Rd., Apt. 207
Cincinnati, OH 45227-3754

Robert A. Haines, Sr.
7425 Pelican Blvd., Apt. 1903
Naples, FL 34108-5505

Ronald Glah
81 Seagate Dr, 1003
Naples, FL 34103-2485

SCS Services
1231 Kane Concourse
Bay Harbor Islands, FL 33154-1937

Sharon Hackmeyer
1510 West 23rd Street
Miami Beach, FL 33140

Shea Mara Enterprise
10424 SW 23 Ct
Davie, FL 33324-7622

Sherry M. Schwartz
Vivian Angel
8846 NW 3rd Ct
Coral Springs, FL 33071

Sherwin Jarol
111 E. Wacker Suite 900
Chicago, Ill 60601-4304

Smith Implements, Inc.
1292 East Main Street
Greenfield, IN 46140

Spoelhof Charitable Lead Trust
151 Central Avenue, Suite 200
Holland, MI 49423-2831

Spoelhof Charitable Remainder
151 Central Avenue, Suite 200
Holland, MI 49423-2831

Spoelhof Family LTD
151 Central Avenue, Suite 200
Holland, MI 49423-2831

Susan Grinwis
4561 Gulfshore Blvd N, #707
Naples, FL 34103-2647

T. Currens (SEP IRA)
251 N Illinois Street, Suite 1200
Indianapolis IN 46204-1941

Terrance A. Smith
2215 N. Madision Ave.
Anderson, IN 46011-9583

Total Schwartz Family
8846 NW 3rd Ct
Coral Springs, FL 33071-7404

University of Miami
1507 Levante Ave.
Coral Gables, Florida 33146-2416

Victor R. Gonzalez
18862 SW 77th Court
Cutler Bay, FL 33157-8047

Victor J. Gonzalez, Sr.
9120 SW 68th Street
Miami, FL 33173-2450

Virginia Limited Partnership
9130 Galleria Ct Suite 312
Naples Florida 34109-4417

Virginia Limited Partnership
6605 San Leandro St.
Oakland, CA 94621

Vivian Angel
8846 NW 3rd Ct
Coral Springs, FL 33071-7404

Wachoviacc
PO Box 3117
Winston Salem, NC 27102-3117

Wesley V. Smith
3636 Recreation Lane
Naples, FL 34116-7303

William Bradley
2836 Silverleaf Lane
Naples FL 34105-3032

Richard Berndt
Janet Berndt
c/o Sean P. O'Connor
211 N. Krome Ave.
Homestead, FL 33030

Eleanor T. Barnett
Heller Waldman, P.L.
3250 Mary Street, suite 102
Coconut Grove, FL 33131

Michael A. Hanson
2501 N. Orient Rd. #D
Tampa, FL  33619

Rachel L. Hazaray
101 W Ohio St., #2100
Indianapolis, IN  46204

Mark Rankin
2179 Maramonte Way
Naples, FL 34105-3075

Robert Smith
11150 Redfox Run, Unit 8B
Fishers, IN 46038

Carl A. Howes
Vice President, Pachira Company
5150 North Tamiami Trail, Suite 504
Newgate Tower Naples, FL 34103

Elizabeth Wood
894 Pine Street
Winnetka, IL 60093

GMAC
c/o Kenneth M Jones
1333 S University Dr #201
Plantation, FL 33324

Jeannine DeRoy
135 Pier View Street, Unit 404
Charleston, SC 29492-8456

Jeffrey H. Fink
Restani, Dittman & Hauser, P.A.
201 Alhambra Circle, Suite 1050
Coral Gables, FL 33134

Nancy Telese
446 Brazilian Avenue
Palm Beach, FL 33480

Peter Hubert Wood
894 Pine Street
Winnetka, IL 60093

Richard Berndt
8930 SW 162 Terr.
Miami, FL 33157

Victor Gonzalez
7786 SW 193 Lane
Miami, Florida 33157

Mirce Curkoski
One Sotheby's International Realty
1537 San Remo Ave.
Coral Gables, FL 33146

Michael A. Hanson, Esq.
Edward R. Hanson, Jr., Esq.,
Hanson Law Office
2501 N. Orient Rd., Suite D
Tampa, FL 33619

Jack Carriglio
Jeffrey B. Greenspan
Eric E. Newman
123 N. Wacker Dr., #1800
Chicago, IL 60606

Nancy Telese
PO Box 291
Palm Beach, FL 33480

Bruce Rishty
353 W. 47th Street, PH-A
Miami Beach, FL 33140

Susan Moss
133 Hobart St.
New Haven, CT 06551

James D Keys
c/o Michael R.N. McDonnell
5150 Tamiami Tr N #501
Naples FL 34103-2812

James R. Fisher
8900 Keystone Crossing Suite 1080
Indianapolis, IN 46240-2134

Textron Financial Corporation
c/o John Isbell
King & Spalding LLP
1180 Peachtree St NE
Atlanta GA 30309-3531

Wells Fargo Bank, N.A.
P.O. Box 13765, R4057-01P
Roanoke, VA 24037-3765

Douglas A. Bates, Esq.
Berger Singerman, P.A.
200 South Biscayne Boulevard
Suite 1000
Miami, FL 33131

Mark Burgin
21110 N.E. 21st Place
Miami, FL 33179

Richard Johnston
C/o Elizabeth Dombovary, Esq.
Garbett, Stiphany, Allen & Roza, P.A.
80 S.W. 8th Street, Suite 3100
Miami, FL 33130-3004

Stephen P. Hale, Esq.
Bert Echols, Esq.
88 Union Avenue, Suite 700
Memphis, TN 38103

Bayside Capitol Management, LLC
c/o Foster Swift Collins & Smith
1700 East Beltline, N.E., Suite 200
Grand Rapids, MI 49525-7044

Invest IV Partners, LLC
c/o Foster Swift Collins & Smith
1700 East Beltline, N.E., Suite 200
Grand Rapids, MI 49525-7044

James Meyer Investments, LLC
c/o Bingham McHale, LLP
Attn: Kathleen Rudis, Esq.
2700 Market Tower, 10 W. Market St.
Indianapolis, IN 46204

Kelley Drye & Warren, LLP
Attn: Robert L. LeHane, Esq.
101 Park Avenue
New York, NY 10178-0062

~~Benjamark, LLC~~
~~6301 Ocean Front Walk, Unit 2~~
~~Playa Del Rey, CA 90293-7582~~

~~Chad Alvarez~~
~~1227 Woodbridge Trail~~
~~Waunakee, WI 53597-2628~~

~~David Pitera~~
~~2139 Snook Drive~~
~~Naples, FL 34102-1573~~

~~De Roy Family LP.~~
~~12023 Sail Place Drive~~
~~Indianapolis, In 46256-9441~~

~~JSB Investments, LLC~~
~~225 N. Michigan Ave, 11th Floor~~
~~Chicago, Ill 60601-7683~~

~~Janelle Drake~~
~~12023 Sail Place Drive~~
~~Indianapois, In 46256-9441~~

~~Relianz Mortgage Co.~~
~~c/o Sherwin Jarol~~
~~225 N. Michigan Ave, 11th Floor~~
~~Chicago, IL 60601-7683~~

~~Robert E. Nolan~~
~~2614 Bulrush Lane~~
~~Naples, FL 34105-3024~~

~~Franklin Investigations~~
~~633 Northeast 167th Street~~
~~North Miami Bch, FL 33162-2442~~

~~Jamie Ventures~~
~~225 N Michigan Ave, 11th Floor~~
~~Chicago, IL 60601-7683~~

~~South Beach Chicago, LLC~~
~~225 N Michigan Ave 11th floor~~
~~Chicago, IL 60601-7683~~

~~Stephen Hokanson~~
~~107 N. Pennsylvania St, Suite 800~~
~~Indianapolis, IN 46204-2423~~

~~WSG Development~~
~~400 41st Street, 2nd Floor~~
~~Miami Beach, FL 33140-3516~~

~~Victor Gonzalez~~
~~19271 Sterling Dr~~
~~Cutler Bay, FL 33157-7720~~

~~Victor Gonzalez 2006 Revocable Trust~~
~~19271 Sterling Drive~~
~~Miami, FL 33157-7720~~

~~Gaye Mueller~~
~~510 E 81st Street~~
~~Indianapolis, IN 42040-2562~~

~~Mark A. Rankin~~
~~900 Villa Florenza Drive~~
~~Naples, FL 34119-2317~~

~~South Beach Chicago 2008, LLC~~
~~South Beach Chicago, LLC~~
~~225 N Michigan Ave 11th floor~~
~~Chicago, IL 60601-7683~~

Relianz Mortgage, Inc.
225 N Michigan Ave 11th Floor
Chicago, IL 60601-7683

Newtown LP
225 N Michigan Ave, 11th Floor
Chicago, IL 60601-7683

South Beach Chicago 2007, LLC
225 N Michigan Ave, 11th Floor
Chicago, IL 60601-7683

Capitol Investments USA, Inc.
400 41st Street #506
Miami Beach, FL 33140-3516

Bank of America
PO Box 15311
Wilmington, DE 19884-0001
Updated 02/23/11

Hyman B. Birnbaum Revocable Trust
GrayRobinson, PA
1221 Brickell Ave, Suite 1600
Miami, FL 33131-3247
Updated 02/23/11

Jeffery L. Evans
111 16th Street
Naples, FL 34117-9413
Updated 02/23/11

John Scarsella
3855 Star-Center Dr, Suite B
Canfield, Ohio 44406-8063
Updated 02/23/11

Thaddeus Jones
15841 Pines Blvd., #19
Pembroke Pines, FL 33027-1220
Updated 07/13/11

CIT Technology Financing Services, Inc.
800 E Sonterra Blvd #240
San Antonio TX 78258-3940
Updated 07/13/11

Jeffrey Hightchew
308 North Shore Lane
Gilbert, AZ 85233-4702
Updated 09/20/2011

**CAPITOL INV.**