UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:
CAPITOL INVESTMENTS USA, INC. and
NEVIN KAREY SHAPIRO

_____Debtors . _____/
JOEL L. TABAS, TRUSTEE

      Plaintiff,

v.

MUSCATO FAMILY LIMITED
PARTNERSHIP II, a Nevada limited
partnership, NICHOLAS J. MUSCATO,
Individually, NICHOLAS J. MUSCATO,
TRUSTEE OF THE NICHOLAS J.
MUSCATO FAMILY TRUST DATED
JANUARY 13, 1998, EAGLE ONE
ADVERTISING SPECIALTIES, INC., a
dissolved Florida Corporation and
JOSEPH W. ADAMS, Individually,

      Defendants.

_____/

CASE NO.: 09-36408-BKC-LMI
(Substantively Consolidated)[1]
Case No. 09-36418-BKC-LMI
(Jointly Administered under
Case No. 09-36408-BKC-LMI)

Chapter 7

Adv. Case No.:

## **COMPLAINT**

    Joel Tabas, as Chapter 7 Trustee ("Trustee" or "Plaintiff"), for the bankruptcy

estate of Capitol Investments USA, Inc. sues (i) Muscato Family Limited Partnership II,

a Nevada limited partnership; (ii) Nicolas J. Muscato; (iii) Nicholas J. Muscato, Trustee

of the Nicholas J. Muscato Family Trust Dated January 13, 1998; (iv) Eagle One

Advertising Specialties, Inc., a dissolved Florida corporation; and (v) Joseph W. Adams

(collectively, the "Defendants"), stating as follows:

_____

[1] The last four digits of the taxpayer identification number for each of the consolidated debtors is,
respectively, as follows in parentheses:  Ocean Rock (3272), JAT (7903) and Pink Panther (5240).

## I. **SUBJECT MATTER JURISDICTION AND VENUE**

1.      This is an adversary proceeding under Fed. R. Bank. P. 7001, *et seq.*

2.      This Court has jurisdiction of the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

3.      This is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

## II. **PARTIES AND PERSONAL JURISDICTION**

5.      Joel L. Tabas is the duly appointed Chapter 7 Trustee for the bankruptcy estate of Capitol Investments USA, Inc. and brings this action solely in that capacity.

6.      Debtor, Capitol Investments USA, Inc. ("Capitol") is a corporation organized under the laws of the State of Florida, which had its principal place of business at 400 41st Street, #506, Miami Beach, Florida 33140.

7.      Nevin Karey Shapiro ("Shapiro") was at all times the sole shareholder and owner of Capitol.

8.      Defendant, Muscato Family Limited Partnership II ("MFLP") is a Nevada limited partnership with its principal place of business located in Longwood, Florida. MFLP also filed Claim No. 21-1 in Capitol's bankruptcy case, thus submitting itself to the jurisdiction of this Court.

9.      Defendant, the Nicholas J. Muscato Family Trust Dated January 13, 1998 ("Nicholas Trust") is a trust established under the laws of Florida.  The Nicholas Trust  is one of MFLP's general partners and is liable for all debts and obligations of MFLP pursuant to Section 87.150 of the Nevada Revised Statutes.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

10.     Defendant, Nicolas J. Muscato ("Muscato") is a resident of the State of Florida, residing in Longwood, Florida.  Muscato, in his capacity as Trustee of the Nicholas Trust, is a proper party to this action under Florida law.

11.     Defendant, Eagle One Advertising Specialties, Inc. ("Eagle One") is a Florida corporation which was dissolved in September 2007.  Muscato was the last known director of Eagle One.

12.     Defendant, Joseph W. Adams ("Adams") is a resident of the State of Florida, residing in New Smyrna Beach, Florida.

### III.  FACTUAL BACKGROUND

#### A.     Bankruptcy Proceedings

13.     On November 30, 2009, involuntary Chapter 7 bankruptcy petitions were filed with this Court against Capitol and Shapiro (the "Petition Date").

14.     On December 11, 2009, Plaintiff was appointed as interim Chapter 7 Trustee of both the Capitol and Shapiro bankruptcy cases, to prevent the dissipation of Capitol's assets in the "gap period" between the Petition Date and the Court entering an order for relief in each case [Case No. 09-36408, ECF 14; Case No. 09-36418, ECF 12].

15.     On December 12, 2009, this Court entered orders providing for the Capitol and Shapiro bankruptcy cases to be jointly administered [Case No. 09-36408, ECF 17; Case No. 09-36418, ECF 16].

16.     On December 30, 2009, this Court entered its Order for Relief in Involuntary Case and Setting Deadline for Filing Schedules, Statement of Financial

Affairs and Other Documents in each of the Capitol and Shapiro bankruptcy cases [Case No. 09-36408, ECF 35; Case No. 09-36418, ECF 24].

17.    On April 22, 2010, Plaintiff was appointed as Chapter 7 trustee of the jointly administered Capitol and Shapiro bankruptcy cases [Case No. 09-36408, ECF 33; Case No. 09-36418; ECF 24].

**B.    Capitol's Scheme**

Lenders Fund Scheme

18.    Prior to the Petition Date, Capitol represented itself to be engaged in the wholesale grocery distribution business; and through Shapiro, Capitol raised over $800 million from at least 60 lenders (the "Lenders") to fund its purported business operations.

19.    Capitol solicited the Lenders by various methods.

20.    For some Lenders, Capitol – both directly, and indirectly through third-party solicitors who received hefty commissions for bringing Lenders to Capitol – described Capitol's business as follows:

    a.    Capitol would find interested buyers of grocery products such as XYZ Grocery Store.

    b.    Capitol would then find a distributor that was offering those products for sale.

    c.    Capitol would operate as the broker in the purchase and resale transactions and would make a commission based upon the difference between the purchase price and the resale price of the products.

    d.    The typical turnaround time for the purchase and resale, on average, was 42 days.

    e.    Lenders would receive a stated interest rate on funds advanced which was significantly above the prime rate prevailing at the time.

4

(collectively, "Capitol's Representations").

Capitol's Actual Business Affairs

21.     Notwithstanding Capitol's Representations, in reality, during the period from January 2005 through the Petition Date, Capitol conducted virtually no legitimate wholesale grocery distribution business and Capitol had no income or other source of funds except proceeds from the Lenders' loans.

22.     In fact, Capitol's only material business operation between January 2005 and November 2009 was a fraudulent Ponzi-like scheme, whereby Capitol secured a constantly increasing volume of new Lender loans as source of funds for paying the principal and interest payments due on prior Lender loans (the "Capitol Scheme").

23.     Capitol, knowing that its cash flow would have dried up and the Capitol Scheme would have collapsed without the constant feeding of loans from the Lenders, was compelled to pay the exorbitant interest rates demanded by certain of the Lenders.

## C.    Defendants' Usurious Lending Relationship With Capitol

24.     In 2006, Muscato was introduced to Shapiro through Greg Kopf – an individual who solicited Lenders to make loans to Capitol.

Eagle One's Usurious Loan to Capitol

25.     On September 19, 2006, Eagle One made a loan to Capitol in the amount of $800,000.00 (the "Eagle One Usurious Loan"). The Eagle One Usurious Loan was negotiated by Muscato and was not documented by any formal promissory note.

26.     Pursuant to the agreement between Muscato and Shapiro, on September 21, 2006, Capitol made a $300,000 principal payment on the Eagle One Usurious Loan to Eagle One.

27.     On September 26, 2006 – seven days after Eagle One funded the loan – Capitol repaid the remaining $500,000 in principal and $16,000 in interest to Eagle One on the Eagle One Usurious Loan – an effective interest rate of 104% and criminally usurious (and a felony) under Florida law.[2] A schedule of the transfers and salient terms of the Eagle One Usurious Loan is attached hereto as Exhibit "1."

MFLP's Usurious Lending to Capitol

28.     After the Eagle One Usurious Loan, Muscato began making loans to Capitol through MFLP.

29.     For every loan MFLP made to Capitol, Muscato negotiated the terms (including the principal amount of loan, interest rate and duration of loan).

30.     Between September 29, 2006 and June 2, 2009, MFLP loaned $2,702,000.00 to Capitol at interest rates that were in excess of 25% per annum and criminally usurious under Florida law (the "MFLP Usurious Loans").  A schedule of the terms of the MFLP Usurious Loans is attached hereto as Exhibit "2."

31.     None of the MFLP Usurious Loans were formally documented by promissory notes.

32.     Upon information and belief, Muscato knew that the interest rates that he was charging Capitol, through MLFP, were criminally usurious under Florida law.

33.     During the four years prior to the Petition Date, Capitol paid MFLP the total of $2,013,250.00 ($1,902,000.00 in principal and $111,250.00 in interest) in

---

[2] Florida's "criminal usury" statute makes it a crime **for any person to make or give "an extension of credit** ... and **knowingly** charge, take or **receive interest thereon a rate exceeding 25 percent per annum** . . .".  Fla. Stat. § 687.071(2) (emphasis added).  In addition, charging interest at this rate is a felony under Florida law.  *See* Fla. Stat. § 687.071(3) ("any person making an extension of credit to any person, who shall willfully and knowingly charge, take or receive interest thereon at a rate exceeding 45 percent per annum . . . whether directly or indirectly or conspire so to do, commits a felony of the three degree . . .").

Tabas, Freedman, Soloff, Miller & Brown, P.A. · One Flagler Building, 14 Northeast First Avenue, Penthouse, Miami, Florida 33132 · (305) 375-8171

connection with the MFLP Usurious Loans (the "MFLP Usurious Loan Transfers") as set forth on Exhibit "3."

### MFLP-Adams Joint Venture's Usurious Lending to Capitol

34.    In or around February 2007, Muscato solicited Adams to enter into a joint venture with MFLP to loan additional funds to Capitol (the "MFLP-Adams JV").

35.    Shapiro was aware of the MFLP-Adams JV and required all funds loaned to Capitol be funneled through MFLP, not Adams.

36.    Shapiro would contact Muscato to request loans for Capitol from the MFLP-Adams JV.  Upon information and belief, Muscato would then contact Adams, advise him of the request for funds and Adams would wire transfer the requested funds to MFLP which funds were then used to fund the MFLP-Adams JV's loans to Capitol through MFLP (the "MFLP-Adams JV Loans").  Adams funded all of the MFLP-Adams JV Loans.

37.    Between May 25, 2007 and February 8, 2008, the MFLP-Adams JV made the MFLP-Adams JV Loans to Capitol in the total amount of $8,700,000.00 – all of which were criminally usurious under Florida law.  A schedule of the MFLP-Adams JV Loans to Capitol and the corresponding terms are set forth on Exhibit "4" attached hereto.

38.    Capitol would make principal and interest payments to MFLP on the MFLP-Adams JV Loans.  After receiving the payments, MFLP would remit to Adams (i) Adams's portion of the principal amount of the loan funded to Capitol and (ii) approximately 60% of the usurious interest.  MFLP would retain the remaining 40% of the usurious interest payments.

7

39.     During the four years prior to the Petition Date, Capitol made principal payments totaling $7,100,000.00 and interest payments totaling $856,561.61 to MFLP on the MFLP-Adams JV Loans (the "MFLP-Adams JV Transfers") as set forth on Exhibit "5."

40.     As an agent of the MFLP-Adams JV, Muscato's knowledge of the usurious nature of the MFLP-Adams JV Loans is imputed to the MFLP-Adams JV and ultimately to its joint venture Adams.

**D.     The Collapse of the Capitol Scheme**

51.     Beginning in late 2008 Capitol began having problems keeping up with the need to make payments to the Lenders – an inevitable end to any Ponzi scheme – and Lenders started imploring Capitol to return the principal on their loans.

52.     Shapiro, knowing that Capitol could not fulfill all of the outstanding obligations to its Lenders, began taking steps to conceal his fraudulent scheme by putting out fires when suspicions began to arise.

53.     Due to allegations that Shapiro had began dissipating and hiding his and Capitol's assets, the petitioning creditors (a collection of Capitol's Lenders), filed the involuntary Chapter 7 bankruptcy petitions against Capitol and Shapiro in November 2009.

54.     Upon motion by the petitioning creditors reflecting that Capitol had over $123 million in liabilities as of December 2008, and only $9 million in speculative assets, the Court swiftly appointed a gap-period interim Trustee, Joel L. Tabas, and the Capitol Scheme was brought to a screeching halt.

Tabas, Freedman, Soloff, Miller & Brown, P.A. · One Flagler Building, 14 Northeast First Avenue, Penthouse, Miami, Florida 33132 · (305) 375-8171

55.     On April 20, 2010, the United States Department of Justice (the "DOJ") filed a Criminal Complaint in New Jersey against Shapiro (Case No. 2:10-mj-08082-MCA-1, D.N.J.).

56.     On September 15, 2010, Shapiro pled guilty to securities fraud and money laundering, admitting that between 2005 and 2009 he had used Capitol to fraudulently obtain money from investors through a Ponzi-like scheme, whereby Capitol secured a constantly increasing volume of new lender loans to fund the principal and interest payments due on previously secured and then maturing lender loans, and that between August 2007 and November 2007 Capitol had virtually no legitimate income generating business.

## IV.  CAUSES OF ACTION

### COUNT 1
### AVOIDANCE OF FRAUDULENT TRANSFERS
### PURSUANT TO 11 U.S.C. § 544(b)(1) AND FLA. STAT. § 726.105(1)(b)
### (Eagle One – Eagle One Usurious Transfers)

57.     Plaintiff realleges paragraphs 1 through 56 as though fully set forth herein.

58.     Section 687.071(7) of the Florida Statutes provides that "[n]o extension of credit made in violation of any of the provisions of [Section 687.071(7), Fla. Stat.] shall be an enforceable debt . . . "

59.     Eagle One, at the direction of Muscato, made the Eagle One Usurious Loan to Capitol at an interest rate that was criminally usurious in violation of section 687.071(3) of the Florida Statutes as reflected on Exhibit "1."

60.     Within the four (4) year period immediately preceding the Petition Date, Capitol made the Eagle One Usurious Transfers to Eagle One on the Eagle One Usurious Loan.

9

61.    The Eagle One Usurious Transfers constitute transfers of an interest of Capitol's, and now, the Plaintiff's property.

62.    Because the Eagle One Usurious Loan was at all times unenforceable, Capitol had no obligation to make any payments of principal or interest on the Eagle One Usurious Loan at any time.

63.    Because Capitol had no obligation to make any payment on the Eagle One Usurious Loan, Capitol did not receive any reasonably equivalent value in exchange for the Eagle One Usurious Transfers Capitol made on the Eagle One Usurious Loan to Eagle One.

64.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the Eagle One Usurious Transfers:

A.    Capitol was insolvent on the date that each of the Eagle One Usurious Transfers were made, or became insolvent as a result of the subject transfers;

B.    Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

65.    As a result of the Eagle One Usurious Transfers, Eagle One received the total sum of $816,000.00 ($800,000.00 in principal and $16,000.00 in interest).

66.    As is evidenced by Capitol's bankruptcy schedules and the proofs of claims filed in the Capitol case which exceed $111 million, there existed at least one creditor who could have avoided the Eagle One Usurious Transfers on the Petition Date.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendant, Eagle One Advertising Specialties, Inc., as follows:

(a)     determining that the Eagle One Usurious Transfers totaling $816,000.00 constitute fraudulent transfers and are avoidable pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.105(1)(b); and

(b)     granting such other and further relief as this Court deems just and proper.

**COUNT 2**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. § 726.108 AND FLA. STAT. § 726.109 & 11 U.S.C. §§ 544 AND 550**
**(Eagle One & Muscato - Eagle One Usurious Transfers)**

67.     Plaintiff incorporates and realleges paragraphs 1 through 56 and 58 through 66 of this Complaint as though fully set forth herein.

68.     The Eagle One Usurious Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes.

69.     Eagle One was the initial transferee of the Eagle One Usurious Transfers.

70.     Muscato was the person for whose benefit the Eagle One Usurious Transfers were made as is evidenced by Muscato being the sole officer, director and shareholder of Eagle One.  In addition, Muscato is personally liable for using Eagle One to commit criminal acts (i.e. criminal usury).

71.     As a result, Plaintiff may recover the value of the Eagle One Usurious Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code from Muscato and Eagle One.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Eagle

One Advertising Specialties, Inc. and Nicolas J. Muscato, jointly and severally, as follows:

(a)    declaring Eagle One Advertising Specialties, Inc. the initial transferee of the Eagle One Usurious Transfers and Nicolas J. Muscato the person for whose benefit the Eagle One Usurious Transfers were made;

(b)    awarding damages against Eagle One Advertising Specialties, Inc. and Nicolas J. Muscato, jointly and severally, in the total amount of $816,000.00, plus pre-judgment interest, attorneys' fees and costs in favor of the Trustee and directing Eagle One Advertising Specialties, Inc. and Nicolas J. Muscato to turn over the Eagle One Transfer pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(c)    granting such other and further relief as this Court deems just and proper.

**COUNT 3**
**ACTION SEEKING CANCELLATION OF ALL SUMS DUE ON**
**THE EAGLE ONE USURIOUS LOAN PURSUANT TO FLA. STAT.**
**§ 687.071 AND RECOVERY OF ALL PAYMENTS OF PRINCIPAL AND**
**INTEREST ON THE EAGLE ONE USURIOUS LOAN AS PROPERTY**
**OF CAPITOL'S BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542**
**(Eagle One & Muscato – Eagle One Usurious Loan)**

72.    Plaintiff incorporates and realleges paragraphs 1 through 56 of this Complaint as though fully set forth herein.

73.    Eagle One and Muscato knowingly sought, charged and collected interest on the Eagle One Usurious Loan from Capitol at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes, as reflected on Exhibit "1."

74.    Because the effective interest rate of the Eagle One Usurious Loan

exceeds the permissible rate under Section 687.071, Florida Statutes, the Eagle One Usurious Loan is unenforceable.

75.     Moreover, because the Eagle One Usurious Loan is unenforceable pursuant to Section 687.071, Florida Statutes, Eagle One is required to forfeit all principal and interest payments made by Capitol pursuant to the Eagle One Usurious Loan (the "Eagle One Forfeited Payments").

76.     Muscato was the person for whose benefit the Eagle One Usurious Transfers were made as is evidenced by Muscato being the sole officer, director and shareholder of Eagle One.  In addition, Muscato is personally liable for using Eagle One to commit criminal acts (i.e. criminal usury).

77.     Accordingly, the Eagle One Forfeited Payments are owed by Eagle One and Muscato, jointly and severally, to Capitol, creating a debt that is property of Capitol's bankruptcy estate and is matured, payable on demand, or payable on order pursuant to Section 542(b) of the Bankruptcy Code.

78.     Defendants, Eagle One Advertising Specialties, Inc. and Nicolas J. Muscato, have failed to turn over or repay the Eagle One Forfeited Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Eagle One Advertising Specialties, Inc. and Nicolas J. Muscato, jointly and severally, as follows:

(a)     finding that the Eagle One Usurious Loan is criminally usurious, and as such, is unenforceable under Section 687.071, Florida Statutes;

(b)     directing the Defendants, Eagle One Advertising Specialties, Inc. and Nicolas J. Muscato, jointly and severally, to turn over to the Plaintiff the Eagle One

Forfeited Payments in the amount of $816,000.00 (representing all principal and interest payments paid by Capitol pursuant to the Eagle One Usurious Loan as set forth on Exhibit "1"), plus pre-judgment interest, attorneys' fees and costs in favor of the Trustee; and

(c)    granting such other and further relief as this Court deems just and proper.

### COUNT 4
### AVOIDANCE OF FRAUDULENT TRANSFERS
### PURSUANT TO 11 U.S.C. §544(b)(1) AND FLA. STAT. §726.105(1)(b)
### (MFLP - MFLP Usurious Loan Transfers)

79.    Plaintiff realleges paragraphs 1 through 56 as though fully set forth herein.

80.    Section 687.071(7) of the Florida Statutes provides that "[n]o extension of credit made in violation of any of the provisions of [Section 687.071(7), Fla. Stat.] shall be an enforceable debt . . . "

81.    MFLP, at the direction of Muscato, made the MFLP Usurious Loans to Capitol at rates that were criminally usurious in violation of Section 687.071(3) of the Florida Statutes as set forth on Exhibit "2."

82.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the MFLP Usurious Loan Transfers to MFLP on the MFLP Usurious Loans as set forth on Exhibit "3."

83.    The MFLP Usurious Loan Transfers constitute transfers of interests of Capitol's, and now, the Plaintiff's property.

84.    Because each of the MFLP Usurious Loans were at all times unenforceable, Capitol had no obligation to make any payments of principal or interest on any of the MFLP Usurious Loans at any time.

14

85.    Because Capitol had no obligation to make payments on the Usurious Loans, Capitol did not receive any reasonably equivalent value in exchange for any of the interest and principal payments which Capitol made on the MFLP Usurious Loans to MFLP, through the MFLP Usurious Loan Transfers.

86.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the MFLP Usurious Loan Transfers:

A.    Capitol was insolvent on the date that each of the MFLP Usurious Loan Transfers was made, or became insolvent as a result of the subject transfer;

B.    Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

87.    As a result of the MFLP Usurious Loan Transfers, MFLP received the total sum of $2,013,250 ($1,902,000 in principal and $111,250 in interest).

88.    As is evidenced by Capitol's bankruptcy schedules and the proofs of claims filed in the Capitol case which exceed $111 million, there existed at least one creditor who could have avoided the MFLP Usurious Loan Transfers on the Petition Date.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendant, Muscato Family Limited Partnership II, as follows:

Tabas, Freedman, Soloff, Miller & Brown, P.A. · One Flagler Building, 14 Northeast First Avenue, Penthouse, Miami, Florida 33132 · (305) 375-8171

(a)    determining that the MFLP Usurious Loan Transfers totaling $2,013,250 constitute fraudulent transfers and are avoidable pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.105(1)(b); and

(b)    granting such other and further relief as this Court deems just and proper.

**COUNT 5**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. § 726.108 AND FLA. STAT. § 726.109 & 11 U.S.C. §§ 544 AND 550**
**(MFLP, Nicholas Trust and Muscato – MFLP Usurious Loan Transfers)**

89.    Plaintiff incorporates and realleges paragraphs 1 through 56 and 80 through 88 of this Complaint as though fully set forth herein.

90.    MFLP was the initial transferee of the MFLP Usurious Loan Transfers.

91.    The Nicholas Trust is an MFLP general partner and is liable for its wrongful acts and misconduct, namely the engaging in criminally usurious loans to Capitol through MFLP, pursuant to Section 87.150 of the Nevada Revised Statutes.

92.    Muscato, as a trustee of the Nicholas Trust, a trust established under the laws of Florida, is a defendant upon which judgment should be entered pursuant to Florida law.

93.    In addition, Muscato was also a person for whose benefit the MFLP Usurious Loan Transfers were made as he received income and principal from the Nicholas Trust during his lifetime, including income received from Capitol through the MFLP Usurious Loan Transfers.

94.    The MFLP Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550(a)(1) and (a)(2) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato and the Nicholas J. Muscato Family Trust Dated January 13, 1998, jointly and severally, as follows:

(a)    declaring Defendant, Muscato Family Limited Partnership II, the initial transferee of the MFLP Usurious Loan Transfers in the amount of $2,013,250 as set forth on Exhibit "3";

(b)    declaring the Nicholas Trust liable for its wrongful acts as general partner of the Muscato Family Limited Partnership II pursuant to Section 87.150 of the Nevada Revised Statutes;

(c)    declaring Muscato liable for his wrongful acts as the trustee of the Nicholas Trust pursuant to Florida law;

(d)    alternatively, declaring Muscato the person for whose benefit the MFLP Usurious Loan Transfers were made;

(e)    awarding damages against Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato and Nicholas J. Muscato Family Trust Dated January 13, 1998, jointly and severally, in the total amount of $2,013,250, plus pre-judgment interest, attorneys' fees and costs in favor of the Trustee and directing Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato and Nicholas J. Muscato Family Trust Dated January 13, 1998, to turn over the MFLP Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550(a)(1) of the Bankruptcy Code; and

(f)    granting such other and further relief as this Court deems just and proper.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

**COUNT 6**
**ACTION SEEKING CANCELLATION OF ALL SUMS DUE**
**ON THE USURIOUS LOANS PURSUANT TO FLA. STAT.**
**§ 687.071 AND RECOVERY OF ALL PAYMENTS OF PRINCIPAL AND**
**INTEREST ON THE USURIOUS LOANS TO MFLP AS  PROPERTY**
**OF CAPITOL'S BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542**
**(MFLP, Nicholas Trust & Muscato – MFLP Usurious Loan Transfers)**

95.     Plaintiff incorporates and realleges paragraphs 1 through 56 of this Complaint as though fully set forth herein.

96.     MFLP knowingly sought, charged and collected interest from Capitol on the MFLP Usurious Loans at criminally usurious rates in excess of 25% per annum in violation of Section 687.071, Florida Statutes, as reflected on Exhibits "2."

97.     Because the effective interest rates of the MLFP Usurious Loans exceed the permissible rate under Section 687.071, Florida Statutes, the MFLP Usurious Loans are unenforceable.

98.     The Nicholas Trust is an MFLP general partner and is liable for his wrongful acts and misconduct, namely the engaging in criminally usurious loans to Capitol through MFLP, pursuant to Section 87.150 of the Nevada Revised Statutes.

99.     Muscato, as a trustee of the Nicholas Trust, a trust established under the laws of Florida, is a defendant upon which judgment should be entered pursuant to Florida law.

100.     Muscato was also a person for whose benefit the MFLP Usurious Loan Transfers were made as he received income and principal from the Nicholas Trust during his lifetime, including income received from Capitol through the MFLP Usurious Loan Transfers.

101.     Moreover, because the MFLP Usurious Loans are unenforceable pursuant

18

to Section 687.071, Florida Statutes, MFLP, Muscato and the Nicholas Trust, jointly and severally, are required to forfeit all principal and interest payments made by Capitol pursuant to the MFLP Usurious Loans (the "MFLP Forfeited Payments").

102.    Accordingly, the MFLP Forfeited Payments are owed by MFLP, Muscato and the Nicholas Trust, jointly and severally, to Capitol, creating a debt that is property of Capitol's bankruptcy estate and is matured, payable on demand, or payable on order pursuant to Section 542(b) of the Bankruptcy Code.

103.    Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato and the Nicholas J. Muscato Family Trust Dated January 13, 1998, failed to turn over or repay the MFLP Forfeited Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato and the Nicholas J. Muscato Family Trust Dated January 13, 1998, jointly and severally, as follows:

(a)    finding that the MFLP Usurious Loans are criminally usurious, and as such, are unenforceable under Section 687.071, Florida Statutes;

(b)    directing Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato and the Nicholas J. Muscato Family Trust Dated January 13, 1998, jointly and severally, to turn over to Plaintiff the MFLP Forfeited Payments in the amount of $2,013,250 (representing all principal and interest payments paid by Capitol pursuant to the MFLP Usurious Loans as set forth on Exhibit "3"), plus pre-judgment interest, attorneys' fees and costs in favor of the Trustee; and

(c)    granting such other and further relief as this Court deems just and proper.

19

**COUNT 7**
**AVOIDANCE OF FRAUDULENT TRANSFERS**
**PURSUANT TO 11 U.S.C. §544(b)(1) AND FLA. STAT. §726.105(1)(b)**
**(MFLP & Adams – MFLP-Adams JV Transfers)**

104.    Plaintiff realleges paragraphs 1 through 56 as though fully set forth herein.

105.    Section 687.071(7) of the Florida Statutes provides that "[n]o extension of credit made in violation of any of the provisions of [Section 687.071(7), Fla. Stat.] shall be an enforceable debt . . . "

106.    The MFLP-Adams JV, at the direction of Muscato, made the MFLP-Adams JV Transfers to Capitol at rates that were criminally usurious in violation of Section 687.071(3) of the Florida Statutes as set forth in Exhibit "4."

107.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the MFLP-Adams JV Transfers to MFLP on the MFLP-Adams JV Loans as set forth on Exhibit "5."

108.    The MFLP-Adams JV Transfers constitute transfers of interests of Capitol's, and now, the Plaintiff's property.

109.    Because each of the MFLP-Adams JV Loans were at all times unenforceable, Capitol had no obligation to make any payments of principal or interest on any of the MFLP-Adams JV Usurious Loans at any time.

110.    Because Capitol had no obligation to make payments on the MFLP-Adams JV Loans, Capitol did not receive any reasonably equivalent value in exchange for any of the interest and principal payments which Capitol made on the MFLP-Adams JV Loans to MFLP, through the MFLP-Adams JV Transfers.

111.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the MFLP-Adams JV Transfers:

A.      Capitol was insolvent on the date that each of the MFLP-Adams JV Loan Transfers was made, or became insolvent as a result of the subject transfer;

B.      Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.      Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

112.   As a result of the MFLP-Adams JV Transfers, MFLP received the total sum of $7,956,651.64  ($7,100,000 in principal and $856,561.64 in interest).

113.   As is evidenced by Capitol's bankruptcy schedules and the proofs of claims filed in the Capitol case which exceed $111 million, there existed at least one creditor who could have avoided the MFLP-Adams JV Transfers on the Petition Date.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendant, Muscato Family Limited Partnership II and Joseph W. Adams, jointly and severally, as follows:

(a)      determining that the MFLP-Adams JV Transfers totaling $7,956,561.64 constitute fraudulent transfers and are avoidable pursuant to 11 U.S.C. § 544(b)(1) and Fla. Stat. § 726.105(1)(b); and

(b)      granting such other and further relief as this Court deems just and proper.

**COUNT 8
RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
FLA. STAT. § 726.108 AND FLA. STAT. § 726.109 & 11 U.S.C. §§ 544 AND 550
(MFLP, Nicholas Trust, Muscato & Adams – MFLP-Adams JV Loan Transfers)**

114.   Plaintiff incorporates and realleges paragraphs 1 through 56 and 105 through 113 of this Complaint as though fully set forth herein.

115.   MFLP was the initial transferee of the MFLP-Adams JV Transfers.

116.   The Nicholas Trust is an MFLP general partner and is liable for his wrongful acts and misconduct, namely the engaging in criminally usurious loans to Capitol through MFLP, pursuant to Section 87.150 of the Nevada Revised Statutes.

117.   Muscato, as a trustee of the Nicholas Trust, a trust established under the laws of Florida, is a defendant upon which judgment should be entered pursuant to Florida law.

118.   Muscato was also a person for whose benefit the MFLP Usurious Loan Transfers were made as he received income and principal from the Nicholas Trust during his lifetime, including income received from Capitol through the MFLP Usurious Loan Transfers.

119.   Adams, as a joint venturer of the MFLP-Adams JV, had knowledge of the voidability of the MFLP-Adams JV Transfers and had imputed knowledge that the loans were criminally usurious and was also a person for whose benefit the MFLP-Adams JV Transfers were made as is evidenced by MFLP remitting payments to Adams.

120.   The MFLP-Adams JV Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such MFLP-Adams JV Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550(a)(1) and (a)(2) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato, the Nicholas J. Muscato

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Family Trust Dated January 13, 1998 and Joseph W. Adams, jointly and severally, as follows:

(a)    declaring Defendant, Muscato Family Limited Partnership II, the initial transferee of the MFLP-Adams JV Transfers in the amount of $7,956,561.64 as set forth on Exhibit "5";

(b)    declaring the Nicholas Trust liable for its wrongful acts as general partner of Muscato Family Limited Partnership II pursuant to Section 87.150 of the Nevada Revised Statutes;

(c)    declaring Muscato liable for his wrongful acts as the trustee of the Nicholas Trust pursuant to Florida law or a person for whose benefit the MFLP-Adams JV Transfers were made;

(d)    awarding damages against Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato, the Nicholas J. Muscato Family Trust Dated January 13, 1998 and Joseph W. Adams, jointly and severally, in the total amount of $7,956,561.64, plus pre-judgment interest, attorneys' fees and costs in favor of the Trustee and directing Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato, the Nicholas J. Muscato Family Trust Dated January 13, 1998 and Joseph W. Adams, to turn over the MFLP-Adams JV Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550(a)(1) of the Bankruptcy Code; and

(e)    granting such other and further relief as this Court deems just and proper.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

**COUNT 9**
**ACTION SEEKING CANCELLATION OF ALL SUMS DUE ON**
**MFLP-ADAMS JV LOANS PURSUANT TO FLA. STAT. § 687.071**
**AND RECOVERY OF ALL PAYMENTS OF PRINCIPAL AND**
**INTEREST ON MFLP-ADAMS JV LOANS AS  PROPERTY OF**
**CAPITOL'S BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542**
**(MFLP, Nicholas Trust, Muscato & Adams – MFLP-Adams JV Loan Transfers)**

121.    Plaintiff incorporates and realleges paragraphs 1 through 56 of this Complaint as though fully set forth herein.

122.    The MFLP-Adams JV knowingly sought, charged and collected interest from Capitol on the MFLP-Adams JV Loans at criminally usurious rates in excess of 25% per annum in violation of Section 687.071, Florida Statutes, as reflected on Exhibit "4."

123.    Because the effective interest rates of the MFLP-Adams JV Loans exceed the permissible rate under Section 687.071, Florida Statutes, the MFLP Usurious Loans are unenforceable.

124.    The Nicholas Trust is an MFLP general partner and is liable for his wrongful acts and misconduct, namely the engaging in criminally usurious loans to Capitol through MFLP, pursuant to Section 87.150 of the Nevada Revised Statutes.

125.    Muscato, as a trustee of the Nicholas Trust, a trust established under the laws of Florida, is a defendant upon which judgment should be entered pursuant to Florida law.

126.    Muscato was also a person for whose benefit the MFLP Usurious Loan Transfers were made as he received income and principal from the Nicholas Trust during his lifetime, including income received from Capitol through the MFLP Usurious Loan Transfers.

24

127.    Adams was a member of the MFLP-Adams JV and had imputed knowledge of the usurious nature of the MFLP-Adams JV Loans and was also a person for whose benefit the MFLP-Adams JV Transfers were made.

128.    Moreover, because the MFLP-Adams JV Loans are unenforceable pursuant to Section 687.071, Florida Statutes, MFLP, Muscato, the Nicholas Trust and Adams, jointly and severally, are required to forfeit all principal and interest payments made by Capitol pursuant to the MFLP-Adams JV Loans (the "MFLP-Adams JV Forfeited Payments").

129.    Accordingly, the MFLP Forfeited Payments are owed by MFLP, Muscato, the Nicholas Trust and Adams, jointly and severally, to Capitol, creating a debt that is property of Capitol's bankruptcy estate and is matured, payable on demand, or payable on order pursuant to Section 542(b) of the Bankruptcy Code.

130.    Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato, the Nicholas J. Muscato Family Trust Dated January 13, 1998 and Joseph W. Adams, have failed to turn over or repay the MFLP-Adams JV Forfeited Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato, the Nicholas J. Muscato Family Trust Dated January 13, 1998 and Joseph W. Adams, jointly and severally, as follows:

(a)    finding that the MFLP-Adams JV Loans are criminally usurious, and as such, are unenforceable under Section 687.071, Florida Statutes;

(b)    directing Defendants, Muscato Family Limited Partnership II, Nicholas J. Muscato, the Nicholas J. Muscato Family Trust Dated January 13, 1998 and Joseph W.

25

Adams, jointly and severally, to turn over to Plaintiff the MFLP-Adams JV Forfeited Payments in the amount of $7,956,561.64 (representing all principal and interest payments paid by Capitol pursuant to the MFLP-Adams JV Loans as set forth on Exhibit "5"), plus pre-judgment interest, attorneys' fees and costs in favor of the Trustee; and

   (c)  granting such other and further relief as this Court deems just and proper.

## COUNT 10
## OBJECTION TO CLAIM OF MFLP FILED IN CAPITOL CASE
### (MFLP)

131. Plaintiff reasserts the allegations set forth in paragraphs 1 through 56, 80 through 88, 90 through 94, 96 through 103, 105 through 113, 115 through 120 and 121 through 130 of this Complaint as though fully set forth herein.

132. MFLP filed Claim 21-1 in the Capitol estate in the amount of $3,002,000 as an unsecured claim for "money loaned" (the "MFLP Claim").

133. The MFLP Claim should be disallowed pursuant to Section 502(d) of the Bankruptcy Code as MFLP received avoidable transfers pursuant to Section 726.105 of the Florida Statutes and Sections 544 of the Bankruptcy Code, and has failed to disgorge those transfers with interest.

134. In addition, the MFLP Claim does not attach sufficient documentation in support of the claim.

135. As for the purported $350,000 loan on February 14, 2007 listed on the attachment to the MFLP Claim, Capitol's records reflect receipt of only $200,000 from MFLP and was used by MFLP to make usurious loans to Capitol.  Accordingly, the MFLP Claim should be reduced by $350,000.

Tabas, Freedman, Soloff, Miller & Brown, P.A. · One Flagler Building, 14 Northeast First Avenue, Penthouse, Miami, Florida 33132 · (305) 375-8171

136.    MFLP's loan to Capitol on September 17, 2007 listed on the attachment to the MFLP Claim in the amount of $600,000, was a usurious loan and unenforceable under Florida law.    Accordingly, the MFLP Claim should be further reduced by $600,000.

137.    MFLP's loan to Capitol on October 31, 2007 listed on the attachment to the MFLP Claim in the amount of $1,000,000, was a usurious loan and unenforceable under Florida law.    Accordingly, the MFLP Claim should be further reduced by $1,000,000.

138.    Capitol's records do not reflect the receipt of any funds from MFLP on October 15, 2008 or December 15, 2008 and because the MFLP Claim fails to attach sufficient documentary support for these alleged loans totaling $900,000, the MFLP Claim should be reduced by $900,000.

139.     Accordingly, the MFLP Claim should be reduced to $152,000, the amount that does not appear to be based on usurious loans from MFLP to Capitol and that was actually funded to Capitol.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter judgment on his behalf and against Defendant, Muscato Family Limited Partnership II, as follows:

(a)    disallowing the MFLP Claim until all fraudulent transfers are disgorged;

(b)    reducing any allowed claim for MFLP to $152,000; and

(c)    granting such other and further relief as this Court deems just and proper.

27

## COUNT 11
## EQUITABLE SUBORDINATION OF MFLP CLAIM
### (MFLP)

140.    Plaintiff reasserts the allegations set forth in paragraphs paragraphs 1 through 56, 80 through 88, 90 through 94, 96 through 103, 105 through 113, 115 through 120 and 121 through 130 of this Complaint as though fully set forth herein.

141.    Count 11 is an alternative to Count 10.

142.    MFLP's inequitable conduct of engaging in criminally usurious lending to Capitol resulted in injury to the creditors of Capitol and conferred an unfair advantage upon MFLP.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter judgment on his behalf and against Defendant, Muscato Family Limited Partnership II, as follows:

(a)    subordinating the MFLP Claim below that of all general unsecured creditors' claims in the Capitol bankruptcy estate pursuant Section 510(c)(1) of the Bankruptcy Code; and

(b)    granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of December, 2011.

/s/ Gary M. Freedman
Gary M. Freedman
Florida Bar No.: 727260
Andrea L. Rigali
Florida Bar No.: 42015
Tabas, Freedman, Soloff, Miller & Brown, P.A.
Attorneys for Joel L. Tabas
14 Northeast First Avenue, Penthouse
Miami, Florida 33132
Telephone:  (305) 375 8171
Facsimile:  (305) 381 7708
E mail: gary@tabasfreedman.com
E-mail: andrea@tabasfreedman.com

28

**EXHIBIT "1" - EAGLE ONE USURIOUS LOANS**

| CLEAR DATE | TRANSFEROR / TRANSFEREE | TYPE OF PAYMENT | TRANSFERS INTO CAPITOL | TRANSFERS OUT OF CAPITOL | NET TRANSFERS INTO AND OUT OF CAPITOL | EFFECTIVE INTEREST RATE |
|---|---|---|---|---|---|---|
| 9/19/2006 | Eagle One Advertising Specialties | Principal | 250,000.00 | | $  250,000.00 | |
| 9/19/2006 | Eagle One Advertising Specialties | Principal | 550,000.00 | | $  550,000.00 | |
| 9/21/2006 | Eagle One Advertising Specialties | Principal | | 300,000.00 | $  (300,000.00) | |
| 9/26/2006 | Eagle One Advertising Specialties | Interest | | 16,000.00 | $  (16,000.00) | |
| 9/26/2006 | Eagle One Advertising Specialties | Principal | | 500,000.00 | $  (500,000.00) | |
| | | | $  800,000.00 | $  816,000.00 | $  (16,000.00) | 104% |

**EXHIBIT "2" - MFLP USURIOUS LOANS**

| Debtor Account | Date Funded | Amount of Loan | Lending Entity | Term of Loan | Interest rate | Total Amount Repaid | Date Repaid |
|---|---|---|---|---|---|---|---|
| Capitol | 9/29/2006 | $ 1,200,000.00 | MFLP | 28 days | 52% | $ 1,248,000.00 | 10/27/2006 |
| Capitol | 10/30/2006 | $ 500,000.00 | MFLP | $10,000 bi-weekly for one year | 52% | $ 40,000.00 | 1/30/2007 |
| Capitol | 1/26/2007 | $ 250,000.00 | MFLP | 4 days | 46% | $ 251,250.00 | 1/30/2007 |
| Capitol | 2/7/2007 | $ 300,000.00 | MFLP | 1% per week | 52% | $3,000.00 | 2/15/2007 |
| Capitol | 1/8/2009 | $ 55,000.00 | MFLP | 1 day | 664% | $ 56,000.00 | 1/8/2009 |
| Capitol | 1/12/2009 | $ 75,000.00 | MFLP | 2 days | 243% | $ 76,000.00 | 1/14/2009 |
| Capitol | 3/20/2009 | $ 65,000.00 | MFLP | 3 days | 562% | $ 68,000.00 | 3/23/2009 |
| Capitol | 3/24/2009 | $ 100,000.00 | MFLP | 6 days | 183% | $ 103,000.00 | 3/30/2009 |
| Capitol | 4/17/2009 | $ 30,000.00 | MFLP | 10 days | 243% | $ 32,000.00 | 4/27/2009 |
| Capitol | 5/4/2009 | $ 35,000.00 | MFLP | 3 days | 348% | $ 36,000.00 | 5/7/2009 |
| Capitol | 5/19/2009 | $ 45,000.00 | MFLP | 9 days | 180% | $ 47,000.00 | 5/28/2009 |
| Capitol | 6/2/2009 | $ 47,000.00 | MFLP | 27 days | 173% | $ 53,000.00 | 6/29/2009 |

|  |  | $ 2,702,000.00 | TOTAL: |  |  | $ 2,013,250.00 |  |

EXHIBIT "3" MFLP USURIOUS LOAN TRANSFERS

| DEBTOR ENTITY | PAYMENT DATE | PAYEE | PRINCIPAL PAID | INTEREST PAID |
|---|---|---|---|---|
| Capitol | 9/29/2006 | MFLP | | |
| Capitol | 10/12/2006 | MFLP | $ - | $ 24,000.00 |
| Capitol | 10/27/2006 | MFLP | $ 1,200,000.00 | |
| Capitol | 10/27/2006 | MFLP | | $ 24,000.00 |
| Capitol | 1/26/2007 | MFLP | | |
| Capitol | 1/30/2007 | MFLP | $ 250,000.00 | |
| Capitol | 1/30/2007 | MFLP | | $ 1,250.00 |
| Capitol | 10/30/2006 | MFLP | | |
| Capitol | 12/12/2006 | MFLP | | $ 10,000.00 |
| Capitol | 12/26/2006 | MFLP | | $ 10,000.00 |
| Capitol | 1/8/2007 | MFLP | | $ 10,000.00 |
| Capitol | 1/30/2007 | MFLP | | $ 10,000.00 |
| Capitol | 1/30/2007 | MFLP | | |
| Capitol | 2/7/2007 | MFLP | | |
| Capitol | 2/15/2007 | MFLP | | $ 3,000.00 |
| Capitol | 3/24/2009 | MFLP | | |
| Capitol | 3/30/2009 | MFLP | $ 100,000.00 | |
| Capitol | 3/30/2009 | MFLP | | $ 3,000.00 |

EXHIBIT "3" MFLP USURIOUS LOAN TRANSFERS

| DEBTOR ENTITY | PAYMENT DATE | PAYEE | PRINCIPAL PAID | INTEREST PAID |
|---|---|---|---|---|
| Capitol | 1/12/2009 | MFLP | | |
| Capitol | 1/14/2009 | MFLP | $ 75,000.00 | |
| Capitol | 1/14/2009 | MFLP | | $ 1,000.00 |
| Capitol | 3/20/2009 | MFLP | | |
| Capitol | 3/23/2009 | MFLP | $ 65,000.00 | |
| Capitol | 3/23/2009 | MFLP | | $ 3,000.00 |
| Capitol | 1/8/2009 | MFLP | | |
| Capitol | 1/8/2009 | MFLP | $ 55,000.00 | |
| Capitol | 1/8/2009 | MFLP | | $ 1,000.00 |
| Capitol | 6/2/2009 | MFLP | | |
| Capitol | 6/29/2009 | MFLP | $ 47,000.00 | |
| Capitol | 6/29/2009 | MFLP | | $ 6,000.00 |
| Capitol | 5/19/2009 | MFLP | | |
| Capitol | 5/28/2009 | MFLP | $ 45,000.00 | |
| Capitol | 5/28/2009 | MFLP | | $ 2,000.00 |
| Capitol | 5/4/2009 | MFLP | | |
| Capitol | 5/7/2009 | MFLP | $ 35,000.00 | |
| Capitol | 5/7/2009 | MFLP | | $ 1,000.00 |

**EXHIBIT "3" MFLP USURIOUS LOAN TRANSFERS**

| DEBTOR ENTITY | PAYMENT DATE | PAYEE | PRINCIPAL PAID | INTEREST PAID |
|---|---|---|---|---|
| Capitol | 4/17/2009 | MFLP | | |
| Capitol | 4/27/2009 | MFLP | $    30,000.00 | |
| Capitol | 4/27/2009 | MFLP | | $    2,000.00 |
| | | | $    1,902,000.00 | $    111,250.00 |
| | | **TOTAL PRINCIPAL AND INTERST PAYMENTS** | $    2,013,250.00 | |
| | | | | |

EXHIBIT "4" - MUSCATO - ADAMS JV LOANS

| Debtor Account | Date Funded | Amount of Loan | Payee | Term of Loan (actual) | Interest rate- Days Outstanding | Total Amount Repaid | Date Repaid |
|---|---|---|---|---|---|---|---|
| Capitol | 5/25/2007 | $ 500,000.00 | MFLP | 18 days | 61% | $ 515,000.00 | 6/12/2007 |
| Capitol | 6/1/2007 | $ 500,000.00 | MFLP | 13 days | 84% | $ 515,000.00 | 6/14/2007 |
| Capitol | 6/14/2007 | $ 500,000.00 | MFLP | 28 days | 78% | $ 530,000.00 | 7/12/2007 |
| Capitol | 6/18/2007 | $ 500,000.00 | MFLP | 91 days | 84% | $ 605,000.00 | 9/17/2007 |
| Capitol | 7/13/2007 | $ 500,000.00 | MFLP | 66 days | 66% | $ 560,000.00 | 9/17/2007 |
| Capitol | 9/18/2007 | $ 600,000.00 | MFLP | 136 days | 72% | $ 762,000.00 | 2/1/2008 |
| Capitol | 10/4/2007 | $ 1,000,000.00 | MFLP | 5 days | 73% | $ 1,010,000.00 | 10/9/2007 |
| Capitol | 10/12/2007 | $ 1,000,000.00 | MFLP | 6 days | 61% | $ 1,010,000.00 | 10/18/2007 |
| Capitol | 10/23/2007 | $ 1,000,000.00 | MFLP | 7 days | 52% | $ 1,010,000.00 | 10/30/2007 |
| Capitol | 10/31/2007 | $ 1,000,000.00 | MFLP | 93 days | 63% | $ 1,160,000.00 | 2/1/2008 |
| Capitol | 2/8/2008 | $ 1,600,000.00 | MFLP | 267 days | 30% | $ 279,561.64 | 11/1/2008 |
| | | $ 8,700,000.00 | TOTAL: | | | $ 7,956,561.64 | |

EXHIBIT "5" MFLP - ADAMS JV TRANSFERS

| DEBTOR ACCOUNT | PAYMENT DATE | PAYEE | PRINCIPAL PAID | INTEREST PAID |
|---|---|---|---|---|
| Capitol | 5/25/2007 | MFLP | | |
| Capitol | 6/12/2007 | MFLP | $ 500,000.00 | |
| Capitol | 6/12/2007 | MFLP | | $ 15,000.00 |
| Capitol | 6/1/2007 | MFLP | | |
| Capitol | 6/14/2007 | MFLP | $ 500,000.00 | |
| Capitol | 6/14/2007 | MFLP | | $ 15,000.00 |
| Capitol | 6/14/2007 | MFLP | | |
| Capitol | 7/12/2007 | MFLP | $ 500,000.00 | |
| Capitol | 7/12/2007 | MFLP | | $ 30,000.00 |
| Capitol | 6/18/2007 | MFLP | | |
| Capitol | 7/17/2007 | MFLP | | $ 30,000.00 |
| Capitol | 7/31/2007 | MFLP | | $ 15,000.00 |
| Capitol | 7/31/2007 | MFLP | | $ 15,000.00 |
| Capitol | 8/27/2007 | MFLP | | $ 15,000.00 |
| Capitol | 8/27/2007 | MFLP | | $ 15,000.00 |
| Capitol | 9/17/2007 | MFLP | $ 500,000.00 | |
| Capitol | 9/17/2007 | MFLP | | $ 15,000.00 |
| Capitol | 7/13/2007 | MFLP | | |

EXHIBIT "5" MFLP - ADAMS JV TRANSFERS

| DEBTOR ACCOUNT | PAYMENT DATE | PAYEE | PRINCIPAL PAID | INTEREST PAID |
|---|---|---|---|---|
| Capitol | 8/17/2007 | MFLP | | $          15,000.00 |
| Capitol | 8/17/2007 | MFLP | | $          15,000.00 |
| Capitol | 9/17/2007 | MFLP | $        500,000.00 | |
| Capitol | 9/17/2007 | MFLP | | $          15,000.00 |
| Capitol | 9/17/2007 | MFLP | | $          15,000.00 |
| Capitol | 9/18/2007 | MFLP | | |
| Capitol | 10/9/2007 | MFLP | | $          27,000.00 |
| Capitol | 10/30/2007 | MFLP | | $          27,000.00 |
| Capitol | 11/20/2007 | MFLP | | $          27,000.00 |
| Capitol | 12/13/2007 | MFLP | | $          27,000.00 |
| Capitol | 1/11/2008 | MFLP | | $          27,000.00 |
| Capitol | 1/14/2008 | MFLP | | $            9,000.00 |
| Capitol | 2/1/2008 | MFLP | $        600,000.00 | |
| Capitol | 2/1/2008 | MFLP | | $          18,000.00 |
| Capitol | 10/12/2007 | MFLP | | |
| Capitol | 10/17/2007 | MFLP | $        400,000.00 | |
| Capitol | 10/17/2007 | MFLP | | $          10,000.00 |
| Capitol | 10/18/2007 | MFLP | $        600,000.00 | |

EXHIBIT "5" MFLP - ADAMS JV TRANSFERS

| DEBTOR ACCOUNT | PAYMENT DATE | PAYEE | PRINCIPAL PAID | INTEREST PAID |
|---|---|---|---|---|
| Capitol | 10/23/2007 | MFLP | | |
| Capitol | 10/24/2007 | MFLP | | |
| Capitol | 10/30/2007 | MFLP | $      600,000.00 | |
| Capitol | 10/30/2007 | MFLP | $      400,000.00 | |
| Capitol | 10/30/2007 | MFLP | | $      10,000.00 |
| Capitol | 10/31/2007 | MFLP | | |
| Capitol | 11/7/2007 | MFLP | | $      10,000.00 |
| Capitol | 12/13/2007 | MFLP | | $      65,000.00 |
| Capitol | 1/17/2008 | MFLP | | $      65,000.00 |
| Capitol | 2/1/2008 | MFLP | | $      20,000.00 |
| Capitol | 2/1/2008 | MFLP | $    1,000,000.00 | |
| Capitol | 2/8/2008 | MFLP | | |
| Capitol | 3/3/2008 | MFLP | | $      31,561.64 |
| Capitol | 4/14/2008 | MFLP | | $       8,000.00 |
| Capitol | 5/1/2008 | MFLP | | $      40,000.00 |
| Capitol | 6/2/2008 | MFLP | | $      40,000.00 |
| Capitol | 7/2/2008 | MFLP | | $      40,000.00 |
| Capitol | 8/1/2008 | MFLP | | $      40,000.00 |

EXHIBIT "5" MFLP - ADAMS JV TRANSFERS

| DEBTOR ACCOUNT | PAYMENT DATE | PAYEE | PRINCIPAL PAID | INTEREST PAID |
|---|---|---|---|---|
| Capitol | 9/3/2008 | MFLP | | $ 40,000.00 |
| Capitol | 10/1/2008 | MFLP | | $ 40,000.00 |
| Capitol | 10/4/2007 | MFLP | | |
| Capitol | 10/9/2007 | MFLP | $ 1,000,000.00 | |
| Capitol | 10/9/2007 | MFLP | | $ 10,000.00 |
| | | | $ 7,100,000.00 | $ 856,561.64 |
| | | TOTAL PRINCIPAL AND INTEREST PAYMENTS: | $ 7,956,561.64 | |
| | | | | |